**Ralph E. VORHEES, to his own use and to the use of Liberty Mutual Insurance Company and Nancy Vorhees, his wife, Appellants,**

v.

**FISCHER & KRECKE, Appellee.**

No. 82–1085.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 4, 1982.

Decided Jan. 6, 1983.

William F. Ryan, Jr., Louis G. Close, Jr., Baltimore, Md. (Whiteford, Taylor, Preston, Trimble & Johnston, Eugene A. Edgett, Jr., Baltimore, Md., Don Benter, Pikesville, Md., on brief), for appellants.

William P. Baker, Baltimore, Md. (Baker & Baker, P.A., Baltimore, Md., on brief), for appellee.

Before MURNAGHAN and CHAPMAN, Circuit Judges and BRYAN, Senior Circuit Judge.

CHAPMAN, Circuit Judge:

Plaintiffs appeal the dismissal of their personal injury diversity action by the district court for failure to properly effect service of process on the West German defendant, Fischer & Krecke, GmbH & Co., (Fischer & Krecke). The district court found that service of process was invalid because it was not effected in compliance with the Convention on the Service of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Hague Convention). *Entered into Force for the United States,* February 10, 1969, 20 U.S.T. 361, T.I.A.S. 6638, 658 U.N.T.S. 163. Without reaching the merits of the lower court's conclusion, we find that service of process should have been quashed without dismissing the case. We therefore remand the case with instructions to allow the plaintiffs a reasonable time in which to attempt to serve process according to the dictates of the Hague Convention.

Personal jurisdiction over Fischer & Krecke was asserted in the District Court for the District of Maryland based on Federal Rules of Civil Procedure 4(e) and 4(i)(1)(D). Defendant, which has its place of business in and was established under the laws of the Federal Republic of Germany (West Germany), moved to dismiss, asserting *inter alia* that service of process was insufficient because of the plaintiffs' failure to comply with the Hague Convention. Entered into between the United States, West Germany and eighteen other countries, the Hague Convention is concerned with the service of process on foreign defendants who reside in countries that are parties to the treaty.[1] The terms of the treaty provide that each signatory country may reject certain general provisions and append specific requirements for valid service of process within that country. In signing the treaty, West Germany specified that judicial documents be forwarded through one of various designated central authorities and that such documents be written in, or translated into, the German language. In the instant case, the summons and complaint were mailed directly to Fischer & Krecke and did not include a German language translation.

The issue before the district court was whether the terms of the treaty were in conflict with and superseded the provision of the Federal Rule of Civil Procedure for the purposes of service of process on Fischer & Krecke. The lower court found that there was a direct conflict between the rule and the treaty in regard to service of process on the West German defendant. The court further found that the Hague Convention was a self-executing treaty because it establishes affirmative and judicially enforceable obligations without requiring any implementing legislation. *Cook v. United States,* 288 U.S. 102, 119, 53 S.Ct. 305, 311, 77 L.Ed. 641 (1933); *Whitney v. Robertson,* 124 U.S. 190, 194, 8 S.Ct. 456, 458, 31 L.Ed. 386 (1888). A self-executing treaty is considered to be of equal dignity with acts of Congress and, where the two

---

1. The broad scope of the treaty is clearly stated. The convention is to apply "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Hague Convention, *supra,* art. I.

conflict, the latter in time prevails. *Cook*, 288 U.S. at 119, 53 S.Ct. at 311; *Whitney*, 124 U.S. at 194, 8 S.Ct. at 458. Since Federal Rule of Civil Procedure 4(i) became effective on July 1, 1963, while the Hague Convention was entered into force for the United States on February 10, 1969, the district court concluded that the treaty superseded the rule in the instant case.

Based on these findings, the district court dismissed the action without prejudice to the plaintiffs to refile the complaint and to serve the papers pursuant to the Hague Convention. At the time that the district court's order was entered, however, the statutes of limitations had run on the plaintiffs' various causes of action. Without reaching the question of the consequences of failure to conform to the treaty, we find that the action should not have been dismissed until the plaintiffs were given a reasonable opportunity to attempt to effect valid service of process on the defendant in a manner complying with the Hague Convention. *Jim Fox Enterprises, Inc. v. Air France*, 664 F.2d 63, 65 (5th Cir.1981); *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir.1959); *Bailey v. Boilermakers Local 667 of International Brotherhood of Boilermakers*, 480 F.Supp. 274, 278 (N.D.W.Va.1979) ("If the first service of process is ineffective, a motion to dismiss should not be granted, but rather the Court should treat the motion in the alternative, as one to quash the service of process and the case should be retained on the docket pending effective service." *Citing Stern v. Beer*, 200 F.2d 794, 795 (6th Cir.1952)).

The judgment of the district court is accordingly

REMANDED.