Mrs. Willie Lee HARRIS, et al.

v.

BROWNING–FERRIS INDUSTRIES CHEMICAL SERVICES, INC.,
et al.

Civ. A. No. 81–644–B.

United States District Court,
M.D. Louisiana.

Feb. 2, 1984.

Russell L. Dornier, Gary & Field, Baton Rouge, La., for plaintiff.

Robert Henry Sarpy, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for Browning-Ferris Industries Chemical Services, Inc. and ABC Ins. Co.

J. David Forsyth, Sessions, Fishman, Rosenson, Boisfontaine & Nathan, New Orleans, La., for VWAG.

POLOZOLA, District Judge.

This matter is before the Court on motion of the defendant Volkswagenwerk Aktiengesellschaft (VWAG) to dismiss for lack of jurisdiction over the person, insufficiency of service of process and insufficiency of process. No oral argument is required on the motion.

This suit arises out of an automobile accident which occurred on March 2, 1981. Plaintiff originally filed suit against defendant Browning-Ferris Industries Chemical Services, Inc. (BFI), alleging that her husband was killed when the car he was driving, a 1973 Volkswagen, collided with a truck owned by BFI and driven by one of BFI's employees. The plaintiff alleged that the cause of the accident was the negligence of BFI's employee and that the company was liable for all damages. In June of 1982 the plaintiff amended her complaint to add as an additional defendant, Volkswagen of American, Inc. (Volkswagen), the manufacturer of the automobile in which her husband was killed. She alleged that the vehicle was negligently designed and defective and that Volkswagen was also liable for the death of her husband. Volkswagen filed a motion to dismiss claiming that Mrs. Harris' cause of action had prescribed. On October 19, 1982, the motion to dismiss was granted. Thereafter, on June 3, 1983, the plaintiff again amended her complaint to add VWAG as a defendant alleging again the defect and negligent design of the product as grounds of recovery. Defendant VWAG then filed this motion to dismiss.

VWAG claims that this action should be dismissed on the grounds that the Court does not have jurisdiction over the person of the defendant, process was insufficient and service of process was insufficient. The defendant bases its motion on the grounds that the requirements of the Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Convention) were not followed. The plaintiff has filed opposition to the motion. Plaintiff argues that service was properly made pursuant to Rule 4 of the Federal Rules of Civil Procedure. Plaintiff also contends that if any conflict is found between the Convention and Rule 4, Rule 4 should govern because it was recently amended in 1983.

The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, commonly called the Hague Convention, is a multi-national treaty entered into by the United States on February 10, 1969. 20 U.S.T. 361; T.I.A.S. 6638; 658 U.N.T.S. 163. The purpose of the treaty is indicated by the preamble:

> The States signatory to the present Convention,
>
> Desiring to create appropriate means to ensure that judicial and extra judicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time,
>
> Desiring to improve the organization of mutual judicial assistance for that purpose by simplifying and expediting the procedure,
>
> Have resolved to conclude a Convention to this effect and have agreed upon the following provisions:

20 U.S.T. at 362. The treaty was entered into in order to facilitate service of judicial documents in foreign countries. The terms of the treaty provide that each country which ratifies the treaty may reject certain service provisions and add specific provisions to effect service of process in that country. The Federal Republic of Germany (West Germany) has ratified the treaty but with reservations. West Germany objects to service of process in any manner other than service through the appropriately de-

signed central authorities. West Germany specifically rejects service of process by direct mail as provided for in Article 10 of the Convention. West Germany also requires that the documents sought to be served be translated into the German language.

VWAG contends that the plaintiff has followed none of the requirements of the Hague Convention. The defendant was served by direct mail by the Louisiana Secretary of State. The documents served were not written in nor translated into the German language. Because the requirements of the Hague Convention were not followed the defendant contends that service of process was insufficient.

The plaintiff responds with the argument that service was properly made pursuant to the provisions of Rule 4(c)(2)(C)(i) and Rule 4(i)(1)(C) of the Federal Rules of Civil Procedure. Rule 4(c)(2)(C)(i) authorizes service upon an individual or domestic or foreign corporation pursuant to the law of the State in which the district court is held. Rule 4(i)(1)(C) provides that service is authorized, when the person to be served is in a foreign country and service is made pursuant to federal or state law under Rule 4(e), by delivery to an officer, a managing or general agent of a corporation. The plaintiff also contends that if there is any conflict found between the international treaty and the Federal Rules of Civil Procedure, the latest enactment should prevail. Since Rule 4 of the Federal Rules of Civil Procedure was amended in 1983 and the Hague Convention was entered into in 1969, the plaintiff contends the provisions of the Federal Rules should prevail.

■ The Court believes that service of process on defendant VWAG was insufficient. The Hague Convention applies to all cases where service is to be made in a foreign country and the countries involved are signatories to the convention. The defendant, VWAG, is a West German corporation. Service upon this defendant was attempted in West Germany by mail. Both the United States and West Germany are signatories to the Hague Convention. In agreeing to enter into the Convention, the United States recognized the right of foreign governments, pursuant to the terms of the treaty, to reject certain prescribed methods of service in those foreign countries. West Germany specifically rejects service of process by direct mail and also requires that the papers to be served by the Central Authority be either written in or translated into the German language. Neither requirement was met in this instance.

■ Plaintiff also argues that service was properly made under Rule 4 of the Federal Rules. Rule 4(c)(2)(C)(i) provides that service may be made pursuant to the law of the state in which the district court is held. In this case plaintiff argues that the Louisiana Long Arm statutes, La.R.S. 13:3201 et seq. and 13:3471, authorize service upon the Louisiana Secretary of State and he is authorized to mail the documents to the defendant. But as noted above, West Germany has specifically rejected service by direct mail. If the provisions of state law conflict with the provisions of an international treaty, by virtue of the supremacy clause the provisions of the treaty must prevail. *DeJames v. Magnificence Carriers, Inc.,* 654 F.2d 280 (3rd Cir.1981), *cert. denied,* 454 U.S. 1085, 102 S.Ct. 642, 70 L.Ed.2d 620; *United States v. Pink,* 315 U.S. 203, 62 S.Ct. 552, 86 L.Ed. 796 (1942). State law cannot authorize service of process in a manner inconsistent with a federal treaty. Nor can the provisions of Rule 4 authorize service in this manner. The Federal Rules are statutes of the United States and are to be given equal dignity with treaties entered into by the United States. *Whitney v. Robertson,* 124 U.S. 190, 8 S.Ct. 456, 31 L.Ed. 386 (1888). It is the Court's duty to attempt to construe the provisions of both to determine the effect and meaning of each. Rule 4 is designed to provide several alternative means for serving process. The Hague Convention, however, is aimed specifically at service of process made in foreign countries when those countries have agreed to be bound by the treaty. Because the Hague Convention is specific as to how service is to be made in a foreign country and the Federal Rules are general

and designed to cover all circumstances, the Court finds that the provisions of the Hague Convention must control the manner of service in this action.

■ Rule 4(i)(1)(C) is also of no comfort to the plaintiff. This provision governs the manner of service in a foreign country and sets forth several alternative means by which service may be effected. The Court does not believe that the Congress intended to authorize a manner of service under Rule 4(i)(1)(C) to West German corporations which was specifically rejected by West Germany under the treaty. The provisions of Rule 4(i) are intended to cover those instances where service in a foreign country is not prohibited by an international treaty. The Court believes this is the only possible construction of these Congressional enactments which would result in both being given effect in accordance with the Congressional intent and the intent of those countries who are parties to the Hague Convention. Therefore, the Court does not believe that the fact that Rule 4 was amended in 1983 should have any bearing on the decision in this case.

■ Having concluded that the plaintiff has failed to properly serve the defendant, the Court must decide whether to dismiss the action as to this defendant or to quash the attempted service and grant the plaintiff additional time to properly effect service. The Court believes that the plaintiff should be given an additional thirty days in which to properly serve VWAG in accordance with the terms of the Hague Convention. *Vorhees v. Fischer & Krecke,* 697 F.2d 574 (4th Cir.1983); *Jim Fox Enterprises v. Air France,* 664 F.2d 63 (5th Cir.1981); *Stanga v. McCormick Shipping Corp.,* 268 F.2d 544 (5th Cir.1959).

Therefore:

IT IS ORDERED that the motion of the defendant, Volkswagenwerk Aktiengesellschaft to dismiss be and it is hereby DENIED.

IT IS FURTHER ORDERED that the plaintiff, Mrs. Willie Lee Harris, is hereby granted an additional thirty days in which to properly serve defendant Volkswagenwerk Aktiengesellschaft in accordance with the requirements of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters in default of which plaintiff's suit against this defendant shall be dismissed.