**Joyce Ruth FOX, Plaintiff,**

v.

**REGIE NATIONALE DES USINES RENAULT, a foreign corporation; Renault USA, Inc., a corporation; and American Motors Sales Corporation, a corporation, Defendants.**

No. 84–2247–MB.

United States District Court,
W.D. Tennessee, W.D.

Nov. 19, 1984.

---

454

Lloyd C. McDougal, III, Memphis, Tenn., for plaintiff.

Thomas F. Johnston and S. Russell Headrick, Memphis, Tenn., for defendants.

ORDER ON PENDING MOTIONS

McRAE, Chief Judge.

This is a product liability action, arising out of an incident in which plaintiff, while operating her automobile, suffered injuries as a result of a front-end collision. Plaintiff seeks to recover under theories of negligence, breach of implied warranty, strict liability in tort, and under the Magnuson-Moss Federal Warranty Act, 15 U.S.C. § 45 et seq. The cause came before this Court on a removal petition from the Circuit Court of Tennessee, filed by defendants on March 30, 1984.

This ruling pertains to two motions: defendant Regie Nationale des Usines Renault's (RNUR) Motion to Dismiss, under *Fed.R.Civ.P.* 12(b)(4), for insufficiency in process, and defendant American Motors Sales Corporation's (AMSC) Motion for Summary Judgment.

RNUR is a foreign corporation, organized and existing under the laws of the Republic of France. In its motion to dismiss for insufficiency of process, RNUR contends that service was not perfected upon it as prescribed under the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, February 10, 1969, 20 U.S.T. 361, T.I.A.S. 6638, (Hague Convention), to which both the United States and France are signatories. Perhaps prompted by RNUR's motion to dismiss, plaintiff attempted to perfect service upon RNUR pursuant to the Hague Convention in June, 1984.

Article 6 of the Hague Convention states as follows:

The Central Authority of the State addressed or any authority which it may have designated for that purpose, shall complete a certificate in the form of the model annexed to present Convention.

The certificate shall state that the document has been served and shall include the method, the place and the date of service, and the person to whom the document was delivered. If the document

has not been served, the certificate shall set out the reasons which have prevented service.

The applicant may require that a certificate not completed by a Central Authority or by a judicial authority shall be countersigned by one of these authorities.

The certificate shall be forwarded directly to the applicant.

■ RNUR contends that the return of a certificate, pursuant to Article 6, is essential to proper service, and since none was returned in this case, service was not perfected. This Court disagrees. Under *Fed. R.Civ.P.* 4(g), failure to make proof of service does not affect the validity of the service. In addition, under *Fed.R.Civ.P.* 4(i)(2), dealing with service of process in foreign countries, proof of service may include any evidence of delivery satisfactory to the Court. Even though the Hague Convention is a self-executing treaty, and thus is the law of the land, its terms should be viewed as complementary to the provisions of Rule 4. The Hague Convention carefully articulates the procedure which a litigant must follow in order to perfect service abroad, but it does not prescribe the procedure for the forum Court to follow should an element of the procedure fail. Rule 4 stresses actual notice, rather than strict formalism. *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342–43, 85 L.Ed. 278 (1940); *Rovinski v. Rowe*, 131 F.2d 687 (6th Cir.1942). There is no indication from the language of the Hague Convention that it was intended to supercede this general and flexible scheme, particularly where no injustice or prejudice is likely to result to the party located abroad, or to the interests of the affected signatory country. The Hague Convention should not be construed so as to foreclose judicial discretion when such discretion needs to be exercised. In this instance, plaintiff has, in good faith, attempted to abide by the provisions of the Hague Convention by forwarding documentation to Secretary of State for the State of Tennessee. As evidenced by an affidavit dated July 2, 1984, the Secretary of State then sent the documentation to the central authority in France, in compliance with the provisions of the Hague Convention, Article 3. Attached to the Secretary of State's affidavit is a copy of the form certificate to which RNUR refers. The information relating to the place at which the documentation was served, however, was not filled in. The Court will not fault the plaintiff for this omission. Accordingly, this Court is within its power to declare that service on RNUR was properly perfected as of July 2, 1984. No injustice will result to RNUR, since it is clear from its answer, filed on September 12, 1984, that it has sufficient notice of this action. RNUR's Motion to Dismiss is therefore denied.

Defendant AMSC has moved for summary judgment, asserting that it did not design, manufacture, distribute or sell the vehicle in which plaintiff was injured. AMSC supports its motion with an affidavit, dated April 30, 1984, of John M. Sheridan, Secretary of AMSC. In her response, plaintiff does not challenge the veracity of the contents of the affidavit and acknowledges that, at this point, summary judgment may appropriately be granted in favor of AMSC. Plaintiff requests, however, that a ruling on this motion be stayed until plaintiff can conduct further discovery.

■ It is generally accepted that the mere hope by a party opposing summary judgment that evidence might turn up to support its position is not sufficient grounds for its denial. *Appolonio v. Baxter*, 217 F.2d 267, 271 (6th Cir.1954); 6 Moore's Federal Practice, ¶ 56.15 [1.–06]. If plaintiff did not have sufficient time in its period for response to AMSC's motion to uncover the evidence of which it speaks, it certainly had enough time from July until now to do so. Yet, no addendum to plaintiff's response has as yet been filed. Consequently, AMSC's Motion for Summary Judgment is hereby granted.

IT IS SO ORDERED.