Anita CIPOLLA

v.

**PICARD PORSCHE AUDI, INC., et al.**

**No. 83–201–Appeal.**

Supreme Court of Rhode Island.

July 16, 1985.

Anthony J. Gianfrancesco, Dennis S. Baluch, Providence, for plaintiff.

Gerald C. DeMaria, Higgins Cavanagh & Cooney, Providence, for defendant.

OPINION

KELLEHER, Justice.

The plaintiff (Anita) in this international controversy appeals the dismissal of her product liability action by a Superior Court judge for her failure to properly effectuate service on a West German defendant, Volkswagenwerk Aktiengesellschaft (VWAG). A brief recital of the facts leading to this litigation is in order.

In September 1978 Anita, a resident of the Pawtuxet Valley, purchased a 1978 Volkswagen Rabbit from Picard Porsche Audi, Inc. (Picard), a licensed retail automobile dealership doing business in Warwick. Volkswagens were distributed in the United States by Volkswagen of America, Inc. (VWOA), a New Jersey corporation. On June 24, 1981, Anita sustained personal injuries and the total loss of her vehicle when the accelerator on the Rabbit "stuck" as she was backing out of a driveway. The Rabbit crossed Warwick's West Shore Road and struck a house on the opposite side of the roadway. It is safe to say that as Anita "barreled rapidly in reverse across the road," the supremacy clause of Article VI of the United States Constitution never crossed her mind.

Suit was initially brought against Picard and VWOA on October 23, 1981. Later, on April 12, 1982, Anita was permitted to file an amended complaint pursuant to Rule 15(a) of the Superior Court Rules of Civil Procedure, in which she included as an additional defendant the Rabbit's manufacturer, VWAG. She then sought to effect service of process upon VWAG by serving, on November 18, 1982, a copy of the summons and amended complaint upon the Secretary of State for the State of Rhode Island. Subsequently, on December 8, 1982, Anita's counsel sent a letter by certified mail to VWOA and enclosed a copy of the summons and amended complaint.

In taking this route, Anita's counsel relied upon Rule 4(e)(2) and G.L.1956 (1969 Reenactment) § 7–1.1–108, as amended by P.L.1970, ch. 136, § 15, which, in pertinent part, provides that whenever a "foreign corporation authorized to transact business in this state"[1] fails to appoint a registered agent in the state for service of process, the Rhode Island Secretary of State shall be deemed to be the agent of the corporation for purposes of receiving process. Anita's counsel has also maintained that VWAG is subject to the jurisdiction of the state of Rhode Island because it has the necessary "minimum contacts" as set forth in G.L.1956 (1969 Reenactment) § 9–5–33.

VWAG has consistently contended that Anita's action should be dismissed since the Superior Court never obtained personal jurisdiction over the West German corporation because her purported service of process was a nullity. The motion to dismiss was based upon noncompliance with the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Hague Convention). *Entered into Force for the United States,* February 10, 1969, 20 U.S.T. 361, T.I.A.S. 6638, 658 U.N.T.S. 163.[2]

The United States and the Federal Republic of Germany (West Germany) are signatories of the convention. The convention was drafted to simplify and to expedite the service of judicial and extrajudicial documents between signatory nations and to ensure that recipients are served in sufficient time to allow them to act. It applies in all cases concerning civil or commercial matters wherein documents are transmitted abroad between those in signatory countries.

The convention provides that each state is to designate a central authority to receive requests for service of documents. Requests for service, which must conform to a model form annexed to the convention, should be sent, along with the documents in question, by the judicial officer or authority of the state in which the documents originate to the designated central authority of the country in which the recipient is located. When it receives a request, the central authority itself serves the documents or arranges service according to its internal laws. Once service is perfected, the central authority must forward a certificate to that effect to the applicant. If the

---

1. There is nothing in the record that would support the view that VWAG was ever authorized to do business in Rhode Island.

2. The terms of the Hague Convention can be found in Fed.Rules Civ.Proc.Rule 4, 28 U.S.C.A. at 87–92 (West Supp.1985).

request is insufficient for some reason, the applicant receives from the central authority a certificate setting forth the reasons which have prevented service.

The convention also prescribes several alternative methods of service, including service by postal channels directly to the recipient, but allows signatory countries to object to the alternative methods. West Germany has made such an objection and has specified that all documents must be served through the central authority and must be translated into German. For cases discussing the Hague Convention, *see Vorhees v. Fischer & Krecke*, 697 F.2d 574 (4th Cir.1983); *Harris v. Browning-Ferris Industries Chemical Services, Inc.*, 100 F.R.D. 775 (M.D.La.1984); *Rivers v. Stihl, Inc.*, 434 So.2d 766 (Ala.1983). The United States became bound by the provisions of the multilateral international convention on February 10, 1969.

In *Vorhees*, 697 F.2d at 575, the Fourth Circuit noted that the Hague Convention was a self-executing treaty because it establishes affirmative and judicially enforceable obligations without requiring any implementing legislation. *See Cook v. United States*, 288 U.S. 102, 119, 53 S.Ct. 305, 311, 77 L.Ed. 641, 650 (1933); *Whitney v. Robertson*, 124 U.S. 190, 194, 8 S.Ct. 456, 458, 31 L.Ed. 386, 388 (1888). Article VI of the United States Constitution, in pertinent part, reads, "[A]ll treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, any thing in the constitution or laws of any state to the contrary notwithstanding." Consequently, in this controversy service on VWAG must be perfected according to the terms of the Hague Convention even though Rhode Island's statutes and rules may provide several other methods for effectuating the service of process.

Anita's appellate counsel has cited a plethora of cases to buttress her contention that VWAG's multiple contacts with Rhode Island make it subject to suit without any infringement on VWAG's due-process rights. Some of those cases predate the effective date of the Hague Convention, and others, for reasons not readily apparent, make no mention whatsoever of the 1965 treaty.

One final word: The trial justice, in dismissing Anita's claim against VWAG, observed, "It is obvious that under the Hague Convention and supremacy clause of the United States Constitution that no effective service of process can be made against Volkswagenwerk Aktiengesellschaft in any civil action." The trial justice's remark is not a precise portrayal of Anita's status. She could have followed the dictates of the convention. We also believe that Anita, having in mind the unique circumstances of this case, should be given a reasonable opportunity to effectuate the service of process on VWAG in a manner that complies with the Hague Convention. *See Harris*, 100 F.R.D. at 778, and cases cited therein. Consequently, the case is remanded to the Superior Court where Anita, if she so desires, will be given the opportunity to seek out a German translator and comply with the terms of the convention.

The plaintiff's appeal is denied and dismissed pro forma, the judgment appealed from as modified by this opinion is affirmed, and the case is remanded to the Superior Court for further proceedings.