**Brett E. POCHOP, Plaintiff,**

v.

**TOYOTA MOTOR COMPANY, LTD., a Japanese Corporation, Defendant.**

**Civ. A. No. J86–0376(L).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Aug. 6, 1986.

E.V.E. Joy, Thomas J. Lowe, Jr., David L. Reynolds, Jackson, Miss., for plaintiff.

Hassell H. Whitworth, Watkins & Eager, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of the defendant, Toyota Motor Company, Ltd. (Toyota), to dismiss or, in the alternative, to quash service of summons. Plaintiff, Brett E. Pochop, filed timely response to the defendant's motion, and the court has considered the memoranda of authorities submitted by both parties.

The plaintiff herein attempted service of process on Toyota, a Japanese corporation, under the provisions of Rule 4(i) of the Federal Rules of Civil Procedure. More specifically, pursuant to Miss.Code Ann. § 13–3–57 (1972), Pochop attempted service of process through the office of the Secretary of State of Mississippi. A copy of the summons and complaint was sent by the Secretary of State to the offices of Toyota in Japan, via registered mail, return receipt requested. The Secretary of State advised the clerk of the court that process had been accepted in Japan and a copy of the postal receipt was filed with this court.

Toyota has moved the court to dismiss this action or, in the alternative, to quash service of process on the ground that the attempted service by plaintiff was ineffective for failure to meet the requirements of the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Hague Convention) 20 U.S.T. 361, T.I.A.S. No. 6638, *reprinted in* 28 U.S.C.A., Fed.R.Civ.P. 4, app. at 87–101 (Supp.1985).

The Hague Convention, a "self-executing" treaty to which both the United States and Japan are parties, "provides a mechanism by which a plaintiff authorized to serve process under the laws of its country can effect service that will give appropriate notice to the party being sued and will not be objectionable to the country in which that party is served." *DeJames v. Magneficence Carriers, Inc.,* 654 F.2d 280, 288, *cert. denied,* 454 U.S. 1085, 102 S.Ct. 642, 70 L.Ed.2d 620 (3d Cir.1981). Under Article 21 of the Convention, each signatory nation may ratify its provisions subject to conditions or objections. Japan, in ratifying the treaty, set forth several specific requirements, including detailed specifications for the use of its postal service, and a further requirement that all documents served be written in or translated into the Japanese language. Of additional relevance to Toyota's motion in the instant case is Japan's objections to Article 10, subparagraphs (b) and (c). Article 10 provides:

Provided the State of destination does not object, the present Convention shall not interfere with—

(a) the freedom to send judicial documents, by postal channels, directly to persons abroad,

(b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,

(c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly

through the judicial officers, officials or other competent persons of the State of destination.

While Japan has objected to subparagraphs (b) and (c), it has not objected to subparagraph (a). Hence, the issue is whether subparagraph (a) permits service on a Japanese defendant by direct mail. Some courts which have considered this issue have concluded that by virtue of Japan's failure to object to subparagraph (a), service of process may be effectively made by mailing the summons and complaint directly to a defendant in Japan. *See, e.g., Weight v. Kawasaki Heavy Industries, Ltd.,* 597 F.Supp. 1082, 1085–86 (E.D.Va. 1984); *Chrysler Corp. v. General Motors Corp.,* 589 F.Supp. 1182, 1206 (D.C.1984).

In this court's opinion, however, the better reasoned view is that service by direct mail is not permitted under the Hague Convention. In *Mommsen v. Toro Co.,* 108 F.R.D. 444 (S.D.Iowa 1985), the court held that the plaintiff's attempt to serve a Japanese defendant under the state's long-arm statute, which provided for service through the Secretary of State's office, was ineffective. The issue there was precisely the same as in the present case. The Iowa court explained that,

> The provision at issue here, subparagraph (a) of Article 10, does not expressly allow "service" of judicial process by postal channels in signatory nations; it merely permits one to "send" judicial documents by mail to persons abroad.... The Hague Convention repeatedly refers to "service" of documents, and if the drafters of the Convention had meant for subparagraph (a) of Article 10 to provide an additional manner of service of judicial documents, they would have used the word "service." To hold that subparagraph (a) permits direct mail service of process, would go beyond the plain meaning of the word "send" and would create a method of service of process at odds with the other methods of service permitted by the Convention. *Sending a copy of a summons and complaint by registered mail directly to a defendant in a foreign country is not a method of service of process allowed by the Hague Convention.* (emphasis added).

*Mommsen,* 108 F.R.D. at 446; *see also, Reynolds v. Koh,* 490 N.Y.S.2d 295, 297 (1985) (service by postal channels cannot be permitted under Article 10(a)); *Ordnandy v. Lynn,* 122 Misc.2d 954, 472 N.Y.S.2d 274 (1984) (same). It is clear that the plaintiff has failed to comply with the Hague Convention requirements.

In response to the defendant's motion, plaintiff has urged that the Hague Convention was not intended to abrogate Rule 4 of the Federal Rules of Civil Procedure, and that requirements of the Hague Convention need not be complied with if service is otherwise valid under Rule 4. A similar argument was addressed by the Fourth Circuit in *Vorhees v. Fisher and Krecke,* 697 F.2d 574 (4th Cir.1983), wherein the court reversed the district court's dismissal of an action for failure to properly effect service of process on a West German defendant. Under the Hague Convention, West Germany requires that judicial documents be forwarded to its designated Central Authority for service of process and that such documents be translated into the German language. The plaintiff in *Vorhees,* however, mailed the summons and complaint directly to the defendant in West Germany and did not include a German translation. The Fourth Circuit, "[w]ithout reaching the question of the consequences of failure to conform to the treaty," concluded that the action should not have been dismissed until the plaintiffs were given a reasonable opportunity to effect valid service on the defendant in compliance with the Convention. *Id.* at 576.

In a similar case a Louisiana district court has also held that the Hague Convention controls the manner of service in actions against foreign defendants. In *Harris v. Browning-Farris Industries Chemical Services, Inc.,* 100 F.R.D. 775 (M.D.La. 1984), the court noted that the Hague Convention was aimed specifically at service of process made in foreign countries when those countries have agreed to be bound by the treaty. The court reasoned that since

the Hague Convention is specific as to how service is to be made and the Federal Rules of Civil Procedure are general and designed to cover all circumstances, the Hague Convention is accordingly controlling. As in *Vorhees,* the defendant in *Harris* resided in West Germany, which required service through designated central authorities, required a translation, and rejected service of process by direct mail. The court specifically stated:

> This court does not believe that Congress intended to authorize a manner of service under Rule 4(i)(1)(c) to West German corporations which was specifically rejected by West Germany under the treaty. *The provisions of Rule 4(i) are intended to cover those instances where service in a foreign country is not prohibited by an international treaty.* (emphasis added)

*Id.* at 778. The *Harris* court concluded that since service did not comply with the Convention requirements, it should be quashed and plaintiff granted an additional time to effect service which complied with the Hague Convention.

The relationship between Rule 4(i) and the Hague Convention was considered in *Fox v. Regie Nationale Des Usires Renault,* 103 F.R.D. 453 (W.D.Tenn.1984). The court there explained that even though the Hague Convention is a self-executing treaty and is, therefore, the law of the land, "its terms should be viewed as complementary to the provisions of Rule 4." *Id.* at 455. In *Fox,* the plaintiff, in good faith, attempted to abide by the provisions of the Hague Convention, but there was a technical defect in the documentation. The court held that the Convention was "not intended to supercede the general and flexible scheme" of Rule 4, "particularly where no injustice is likely to result to the party located abroad, or the interest of the effected signatory country." *Id.* Since the plaintiff in *Fox* had attempted in good faith to comply with the Hague Convention and, further, since it was clear that the defendant had received sufficient notice, the court concluded that it was within its discretion to declare the service properly perfected.

The plaintiff in the case at bar has not even attempted compliance with the provisions of the Hague Convention. This court is of the opinion that such compliance is necessary to effect valid service of process and is therefore of the opinion that the defendant's motion to quash should be granted. However, the plaintiff should be given an additional 45 days to serve process on Toyota pursuant to the specific requirements of Japan under the Hague Convention, including adherence to Japan's translation requirements.

It is, therefore, ordered that the defendant's motion to quash is hereby granted. It is further ordered that the plaintiff shall have 45 days from this date within which to effect service of process on Toyota under the terms of the Hague Convention.