Carey L. **PENNEBAKER**, Plaintiff,

v.

**KAWASAKI MOTORS CORPORATION, U.S.A., Kawasaki Heavy Industries, Ltd., and Kawasaki Motors Manufacturing Corporation, Defendants.**

Civ. A. No. 3:93–cv–452WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

April 19, 1994.

Thomas R. Frazer, III, Jackson, MS, for plaintiff.

Ann H. Kelly, Joseph L. McNamara, Jackson, MS, for defendants.

### ORDER

WINGATE, District Judge.

Before the court is the motion of defendant Kawasaki Heavy Industries, LTD., (hereinafter "KHI") to be dismissed from this lawsuit under Rule 12(b)(4)[1] on the ground of insufficiency of service of process. KHI, a Japanese national corporation, asserts that plaintiff's modes of attempted service of process upon it by registered mail to its place of business in Japan and by plaintiff's service of process in the United States upon KHI's wholly-owned subsidiary, Kawasaki Motors, U.S.A., an unauthorized agent for service of process for KHI, are improper and fail to effectuate process since these methods are not condoned by The Hague Convention.[2] Plaintiff Carey L. Pennebaker opposes the motion. Persuaded by the reasoning of defendant's motion and the case authorities in support of same, this court agrees with defendant that plaintiff has not effectuated proper service here pursuant to The Hague Convention. However, the court declines to dismiss this action at this time, but, instead, will permit plaintiff a reasonable time to perfect proper service under The Hague Convention.

The two parties to this motion are the plaintiff, Carey L. Pennebaker, an adult resident citizen of Adams County, Mississippi, and KHI, previously identified herein as a Japanese national corporation.

The juridical dispute which brings together the plaintiff and defendant is the plaintiff's products liability claim arising from injuries the plaintiff suffered when riding on a three-wheeled all-terrain vehicle allegedly manufactured and marketed by the defendants. Plaintiff's lawsuit was removed to this court from the Circuit Court for the First Judicial District of Hinds County, Mississippi, pursuant to Title 28 U.S.C. § 1441.[3] This court

---

1. Rule 12(b)(4) of the Federal Rules of Civil Procedure provides:

    **(b) How Presented.** Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
    (4) insufficiency of process, ...

2. *See* 28 U.S.C. Federal Rules of Civil Procedure 4, pages 210–229 (1992), CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS (The Hague Convention). Article 10 of The Hague Convention provides:

    Provided the State of destination does not object, the present Convention shall not interfere with—
    (a) the freedom to send judicial documents, by postal channels, directly to persons abroad,
    (b) the freedom of judicial officers, officials, or other competent persons of the State of Origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,
    (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.
    Japan has objected to subsections (b) and (c) of Article 10.

3. Title 28 U.S.C. § 1441(a) states as follows: Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal un-

has jurisdiction over this matter pursuant to 28 U.S.C. § 1332,[4] diversity of citizenship, and a minimum amount in dispute in excess of $50,000.00.

The key facts pertinent to a resolution of this issue are few and simply stated. On June 30, 1993, the plaintiff filed suit against the defendants in the Circuit Court for the First Judicial District of Hinds County, Mississippi. On or about July 8, 1993, the plaintiff attempted to serve KHI by mailing a copy of the first amended complaint and a summons by registered mail to KHI's place of business in Japan. On July 21, 1993, all defendants, including KHI, pursuant to Title 28 U.S.C. § 1441 *et seq.*, filed a notice of removal to remove this case from state to federal court. Defendants filed an amended notice on August 9, 1993. Meanwhile, on August 8, 1993, after plaintiff had been made aware of KHI's challenge to the sufficiency of the registered mail service attempt, plaintiff served process upon Kawasaki Motors, U.S.A., located in Irvine, California, as KHI's involuntary agent for service of process. Kawasaki Motors, U.S.A., refused service on behalf of KHI.

Plaintiff apparently has abandoned any argument touting the sufficiency of its attempted service upon KHI by registered mail to KHI's place of business in Japan. Plaintiff does not even discuss the point in his *Brief in Opposition to Defendant's Motion to Dismiss for Insufficiency of Service of Process.*

Instead, in support of his argument that he has properly served KHI, plaintiff places his reliance totally upon his service of process upon KHI's wholly-owned subsidiary, Kawasaki Motors, U.S.A., and upon the dictates of *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988). Plaintiff contends that *Schlunk* stands for the proposition that where a plaintiff may effect service upon a foreign defendant in the United States, plaintiff need not follow the strictures of The Hague Convention. In *Schlunk*, the United States Supreme Court held as much when, under an Illinois long-arm statute, the Court found proper service where the plaintiff there had served in the United States the domestic subsidiary of a foreign corporation as an involuntary agent for service of process. *Id.*, 486 U.S. at 707–08, 108 S.Ct. at 2112. Our plaintiff in the instant case contends that his actions here have been blessed by *Schlunk* since here he served process in the United States upon KHI's wholly-owned subsidiary, Kawasaki Motors, U.S.A., as the managing agent or general agent for KHI under Rule 4[5] of the Federal Rules of Civil Procedure.

---

der this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

Title 28 U.S.C. § 1441(b) states as follows: Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

4. Title 28 U.S.C. § 1332(a) provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—
(1) citizens of different States; ...

5. Rule 4 of the Federal Rules of Civil Procedure provides in pertinent part:

(h) Service Upon Corporations and Associations. Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
(2) in a place not within any judicial district of the United States *in any manner prescribed for individuals by subdivision (f)* except personal delivery as provided in paragraph (2)(C)(i) thereof.

Subdivision (f) provides:
(f) Service Upon Individuals in a Foreign Country. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in a place not within any judicial district of the United States:
(1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or

Plaintiff also argues that KHI has proceeded on the merits of this action by joining in removal of this cause from state court and by noticing the depositions of the plaintiff and his parents. Hence, says plaintiff, KHI has waived any objections to defects regarding service of process upon it. Furthermore, according to plaintiff, the defendant cannot be heard to claim that it is making a special appearance in this cause because, says plaintiff, under Mississippi law special appearances are not permitted.

This court has considered plaintiff's arguments, but finds them unpersuasive. This court is satisfied that under the instant facts plaintiff must abide by The Hague Convention in order to effect proper service upon the defendant.

The Hague Convention is a multi-national treaty endorsed by its signatory nations in 1965. The entire treaty may be found at 28 U.S.C.A. Federal Rules of Civil Procedure 4, page 216 (1992). The treaty is self-executing, providing plaintiffs an effective means to serve process upon foreign national corporations which would give proper notice to a defendant and which would not be objectionable to the sovereign of the country where the defendant is located.

The Convention provides certain specific procedures plaintiffs must utilize to accomplish service of process. Articles 2 through 6 provide for service through a central authority in each country. Article 8 permits service through diplomatic channels. Article 19 allows service by any method of service permitted by the internal laws of the country in which service is made.

Under Article 21, each signatory nation had to ratify its provisions subject to conditions or objections. Japan set forth several specific requirements which included specifications as to the use of its postal service and a requirement that all documents be written in or translated into the Japanese language.

Article 10 of the Convention provides:

Provided the State of destination does not object, the present Convention shall not interfere with—

(a) the freedom to send judicial documents, by postal channels, directly to persons abroad,

(b) the freedom of judicial officers, officials, or other competent persons of the State of Origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

(c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Japan did not object to paragraph (a), although it did object to (b) and (c).

In *Pochop v. Toyota Motor Company, Ltd.*, 111 F.R.D. 464 (S.D.Miss.1986), Judge Tom Lee analyzed the significance of Japan's objections amidst a plaintiff's argument that Japan's failure to object to subsection (a) of Article 10 meant that Japan had authorized service of process by mail. Judge Lee adopted authority which holds that Article 10(a) of The Hague Convention does not permit service of process on a Japanese defendant by direct mail or by registered mail. *See Mommsen v. Toro, Co.*, 108 F.R.D. 444 (S.D.Iowa 1985); *Reynolds v. Koh*, 109 A.D.2d 97, 490 N.Y.S.2d 295, 297 (1985) (ser-

(2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:

(A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or

(B) as directed by the foreign authority in response to a letter rogatory or letter of request; or

\* \* \* \* \* \*

(ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or

(3) by other means not prohibited by international agreement as may be directed by the court.

vice through postal channels cannot be permitted under Article 10(a)); *Ordmandy v. Lynn,* 122 Misc.2d 954, 472 N.Y.S.2d 274 (1984) (same).

This court additionally notes the recent opinion of the Eighth Circuit in *Bankston v. Toyota Motor Corporation,* 889 F.2d 172 (8th Cir.1989), which holds that Article 10(a) merely provides a method of sending subsequent documents after service of process has been obtained by means of the designated central authority, citing *Mommsen v. Toro, Co.; Pochop v. Toyota Motor Company, Ltd.; Hantover, Inc. v. Omet,* 688 F.Supp. 1377, 1385 (W.D.Mo.1988); and *Prost v. Honda Motor Company,* 122 F.R.D. 215, 216 (E.D.Mo.1987).

Before reaching the above conclusion, the *Bankston* Court first framed the issue and the two variant approaches:

> In recent years, two distinct lines of Article 10(a) interpretation have arisen. Some courts have ruled that Article 10(a) permits service of process by mail directly to the defendant without the necessity of resorting to the central authority, and without the necessity of translating the documents into the official language of the nation where the documents are to be served.

> In general, these courts reason that since the purported purpose of the Hague Convention is to facilitate service abroad, the reference to " 'the freedom to send judicial documents by postal channels, directly to persons abroad' would be superfluous unless it was related to the sending of such documents for the purpose of service." *Ackermann v. Levine,* 788 F.2d 830, 839 (2d Cir.1986). *See also Smith v. Dainichi Kinzoku Kogyo Co.,* 680 F.Supp. 847, 850 (W.D.Tex.1988); *Newport Components, Inc. v. NEC Home Electronics, Inc.,* 671 F.Supp. 1525, 1541 (C.D.Cal.1987). These courts have further found that the use of the "send" rather than "service" in Article 10(a) "must be attributed to careless drafting." *Ackermann v. Levine, supra,* 788 F.2d at 839.

> The second line of interpretation, advocated by Toyota, is that the word "send" in Article 10(a) is not the equivalent of "service of process." The word "service" is specifically used in other sections of the Convention, including subsections (b) and (c) of Article 10. If the drafters of the Convention had meant for subparagraph (a) to provide an additional manner of service of judicial documents, they would have used the word "service." Subscribers to this interpretation maintain that Article 10(a) merely provides a method for sending subsequent documents after service of process has been obtained by means of the central authority. *See, e.g., Hantover, Inc. v. Omet,* 688 F.Supp. 1377, 1385 (W.D.Mo. 1988); *Prost v. Honda Motor Co.,* 122 F.R.D. 215, 216 (E.D.Mo.1987); *Pochop v. Toyota Motor Co.,* 111 F.R.D. 464, 466 (S.D.Miss.1986); *Mommsen v. Toro Co.,* 108 F.R.D. 444, 446 (S.D.Iowa 1985); *Suzuki Motor Co. v. Superior Court,* 200 Cal.App.3d 1476, 249 Cal.Rptr. 376 (1988).

*Bankston,* 889 F.2d at 173–74.

The *Bankston* Court adopted the reasoning of this second line of authority. In addition, the *Bankston* Court cited *Suzuki Motor Co. v. Superior Court,* 200 Cal.App.3d 1476, 249 Cal.Rptr. 376 (1988), for its holding that:

> ... because service of process by registered mail was not permitted under Japanese law, it was "extremely unlikely" that Japan's failure to object to Article 10(a) was intended to authorize the use of registered mail as an effective mode of service of process, particularly in light of the fact that Japan had specifically objected to the much more formal modes of service by Japanese officials which were available in Article 10(b) and (c).

*Bankston, supra,* at 174.

Therefore, persuaded by the logic espoused in *Bankston* and *Pochop,* this court finds that service of process on KHI has not been effected in accordance with The Hague Convention.

■ This court further finds that KHI has not waived its objections to plaintiff's defective mode of service of process by joining in removal of this cause from state court and by merely noticing plaintiff's deposition. Actions removed to federal court from state court are to proceed as if they had been

commenced in federal court. *Freeman v. Bee Machine Company,* 319 U.S. 448, 452, 63 S.Ct. 1146, 1148, 87 L.Ed. 1509 (1943). Generally, a defendant waives nothing simply by removing a case to federal court. See 14A Wright Miller & Cooper, *Federal Civil Procedure,* § 3738, page 562. So, a removing party such as KHI does not waive objection to the mode of service of process solely by removing the case to federal court. *Wabash Western Railway Co. v. Brow,* 164 U.S. 271, 17 S.Ct. 126, 41 L.Ed. 431 (1896); *Garvey v. Compania Metalurgica Mexicana,* 222 F. 732 (W.D.Tex.1915). After removal to the federal domain, a defendant thereafter may then submit its motion to vacate service of process, *Goldey v. Morning News,* 156 U.S. 518, 15 S.Ct. 559, 39 L.Ed. 517 (1895), and the motion, if properly filed, in general, will be considered by the court. *Usatorres v. Marina Mercante Nicaraguenses, S.A.,* 768 F.2d 1285, 1286 n. 1 (11th Cir.1985); *Ditkof v. Owens–Illinois, Inc.,* 114 F.R.D. 104, 105 (E.D.Mich.1987).

Here, plaintiff filed his lawsuit in state court, then thereafter sought to effectuate service by mailing a copy of the first amended complaint and a summons by registered mail to KHI's place of business in Japan. The defendants filed a notice of removal and an amended notice of removal on the dates of July 21, 1993, and August 9, 1993. On August 8, 1993, plaintiff attempted process on KHI by serving process upon Kawasaki Motors, USA, located in Irvine, California, as KHI's involuntary agent for service of process. Removal from state court to this court was complete on August 9, 1993. After a short time, KHI filed the instant motion under Rule 12(b)(4) to be dismissed from this cause, during which time KHI, in conjunction with the two other defendants, noticed the plaintiff for a deposition.

This court is unpersuaded that by joining in the removal of the case from state court to this federal court KHI has surrendered its objections to plaintiff's mode of service of process. KHI voiced its displeasure through its motion to dismiss on August 20, 1993, for failure to obtain service in accordance with Article 10(a) of The Hague Convention, and

nothing of its conduct since has manifested any intention to waive the defective service.

Accordingly, the court finds that presently plaintiff has not properly served KHI. The plaintiff shall have 90 days within which to serve KHI properly in accordance with The Hague Convention and shall submit a progress report to this court within forty-five (45) days of the date this order is filed. KHI's motion for dismissal is denied.

**SO ORDERED.**