Vermont Superior Court
Filed 03/19/25
Rutland Unit

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-05212

---

**Village Square at Pico Condominium Owners Association, Inc. v. Polona Henigman**

---

## ENTRY REGARDING MOTION

Title:      Motion to Recognize Service as Effective (Motion: 3)
Filer:      Christian Chorba
Filed Date:      February 28, 2025

Village Square at Pico Condominium Owners Association, Inc., Plaintiff in this foreclosure action, moves the court to "recognize," or essentially declare, that service on Defendant Polona Henigman, the owner of Unit D307 at Village Square, was effective. In the alternative, Plaintiff moves the court to allow service by mail pursuant to V.R.C.P. 4(f); service by publication pursuant to V.R.C.P. 4(g); and/or service by email pursuant to V.R.C.P. 4(k)(1)(E). The Motion is DENIED.

After this court denied Plaintiff's Motion for Default Judgment in July 2024, Plaintiff hired Attorney Aaron Lukken at Viking Advocates, LLC, to effectuate service on Defendant, who is currently staying in Slovenia, in accordance with the Hague Service Convention.[1] The Convention "provides for several alternate methods of service: (1) service through the Central Authority of member states; (2) service through consular channels; (3) service by mail if the receiving state does not object; and (4) service pursuant to the internal laws of the state." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 300 (2d Cir. 2005) (citing Arts. 5, 6, 8, 9 & 10 of the Hague Service Convention).

Attorney Lukken, who specializes in effectuating service under the Convention, sent a request for service of documents to the Slovenian Central Authority, Ministry of Justice of the Republic of Slovenia. The Central Authority received the documents on August 21, 2024, but returned the documents to Plaintiff in October 2024 with the official certificate as required by Art. 6 of the Convention, stating that Defendant had not been served. Pl.'s Ex. 4 at 3. The Central Authority noted "the rejection of documents due to an inadequate translation." *Id.* As

---

[1] Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965 ("Hague Service Convention"), to which both the United States and Slovenia are signatories, is an international treaty "intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988). "[C]ompliance with the Convention is mandatory in all cases to which it applies." *Id.* at 705.

Plaintiff points out, the Hague Service Convention does not include specific requirements as to translations, other than that the Central Authority may require the document to be written, or translated into, the official language of the State addressed. See Art. 5 of the Hague Service Convention. It appears that the requirements under Slovenian law are similar, setting forth only that all documents to be served must be prepared in Slovenian language or that a translation in Slovenian be attached. HCCH, *Slovenia - Central Authority & practical information*, https://www.hcch.net/en/states/authorities/details3/?aid=272 (last visited Mar. 18, 2025). The record indicates that prior to the return of the documents, the Central Authority had not informed Plaintiff that its request for service did not comply with the provisions of the Convention. Pl.'s Mot. at 6; see also Art. 4 of the Hague Service Convention, 20 U.S.T. 361, T.I.A.S. No. 6638 (providing that the Central Authority "shall promptly inform the applicant" if it considers that the request does not comply with the provisions of the Convention, specifying the objections).

As grounds for their first request, Plaintiff argues that the reason for the lack of service as described by the Central Authority has no basis in the Hague Service Convention or Slovenian law, and asks the court to declare that service was effective. This the court cannot do. "It is well established that '[t]he Central Authority's return of a completed certificate of service is 'prima facie evidence that the Authority's service was made in compliance with the Convention.'" *Persh v. Petersen*, 2015 WL 5326173, at *6 (S.D.N.Y. Sept. 14, 2015) (citation omitted) (cleaned up); *Unite Nat'l Ret. Fund v. Ariela, Inc.*, 643 F. Supp. 2d 328, 335 (S.D.N.Y. 2008) (citation omitted). Similarly, when the Central Authority of a given country issues an official certificate that service was not completed due to an inadequate translation, it is not for this court to find that the Central Authority was incorrect in its application of the Hague Convention, let alone the laws of that country. See, e.g., *Chironsoft Co. v. Yokim Mktg., LLC*, 2025 WL 325071, at *4 (Ga. Ct. App. Jan. 29, 2025) (holding that "a Georgia court may not go behind the Central Authority of South Korea to determine if proof of service was sufficient or not; by issuing a certificate, the Central Authority of the 'addressed State' has certified that service was effectuated in compliance with the foreign government's procedural laws"); *Unite Nat'l Ret. Fund,* 643 F. Supp. 2d at 335 (declining "to look behind the certificate of service to adjudicate the issues of Mexican procedural law that the parties have raised through their submission of conflicting expert statements on the issue").

Courts, including the Second Circuit Court of Appeals, "have held that the failure to comply strictly with the Hauge Convention is *not* automatically fatal to effective service." *Burda Media, Inc. v. Viertel,* 417 F.3d at 301. The facts of this case are distinguishable from those noted by the Second Circuit in *Burda.* The court in *Burda* found service was sufficient where the plaintiff attempted to comply with the Hauge Convention, but the French authorities did not return a formal Certificate of Service. *Id.* Similarly, in *Fox v. Regie Nationale des Usines Renault,* 103 F.R.D. 453, 455 (W.D. Tenn. 1984), the court found service sufficient where the French authorities failed to return a Certificate of Service, despite the plaintiff's compliance with the Convention. In *Greene v. Le Dorze,* 1998 WL 158632, at *2 (N.D. Tex. Mar. 24, 1998), the court held service was sufficient when the French authorities failed to check what method of service was used in the Certificate of Service. In this case, there was no clerical or technical error in the Certificate of Service. Rather, the Slovenian authorities returned a

Certificate indicating that service was not made in compliance with Slovenian law. As noted above, this court is not allowed to review this decision. The court cannot find substantial compliance with the Hague Service Convention under these facts.

Nothing prevents Plaintiff from resubmitting a compliant request to the Slovenian Central Authority. "Submitting a request to a central authority is not, however, the only method of service approved by the Convention." *Water Splash, Inc. v. Menon*, 581 U.S. 271, 275 (2017). As noted earlier, it is also possible to serve the addressee by mail in certain circumstances. See Art. 10 of the Hague Service Convention, 20 U.S.T. 361, T.I.A.S. No. 6638; *Burda Media, Inc. v. Viertel*, 417 F.3d at 300 (citation omitted). The United States Supreme Court put it succinctly: "in cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Water Splash, Inc.*, 581 U.S. at 284 (citing *Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004)).

Per Slovenia's qualified opposition to Art. 10(a) of the Convention, service by mail in the country is "only permitted if judicial documents are sent to the addressee by registered letter with acknowledgement of receipt and the documents are written in, or accompanied by, a translation into the Slovene language." HCCH, *Declaration/reservation/notification*, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=420&disp=resdn (last visited Mar. 18, 2025).

The court notes that service under Rule 4(f) does not require the court's permission. Service by publication, on the other hand, requires a court order on a showing that "service cannot with due diligence be made by another prescribed method." V.R.C.P. 4(g)(1). Plaintiff has made a single attempt at serving Defendant where she actually lives, and the Slovenian Central Authority has determined that it did so improperly. Under the facts shown, Plaintiff has not demonstrated that service cannot be made with due diligence such that service by publication is authorized. For similar reasons, there is no basis to allow service by email under V.R.C.P. 4(k)(1)(E).

Plaintiff's Motion is DENIED.


Electronically signed on March 19, 2025 pursuant to V.R.E.F. 9(d)

*Alexander N. Burke*
_____
Alexander N. Burke
Superior Court Judge