**William JENNINGS, et al., Plaintiffs,**

v.

**ENTRE COMPUTER CENTERS, INC., et al., Defendants.**

**Civ. No. 86–0358–P.**

United States District Court,
D. Maine.

May 7, 1987.

Harold Brown, Dennis M. Powers, Boston, Mass., Edward F. Bradley, Jr., Portland, Me., for plaintiffs.

John M.R. Paterson, Patrick J. Scully, Portland, Me., Paul Blankenstein, Washington, D.C., for defendants Entre Computer, Heller, Edgette, Zsidisin, Arrington & Helfinstein.

W. John Amerling, David P. Ray, Portland, Me., Jack B. Gordon, Roger Warin, Washington, D.C., for defendants Smith Barney, Harris Upham & Co., Idanta Partners, Dev Purkayasthat, First Centery Co., First Centery Partnership II, and Michael J. Meyers.

## MEMORANDUM OF DECISION AND ORDER ON PLAINTIFFS' MOTION FOR CHANGE OF VENUE AND DEFENDANTS' MOTIONS TO DISMISS FOR IMPROPER VENUE

GENE CARTER, District Judge.

This case is before the Court on Plaintiffs' motion for change of venue and Defendants' motions to dismiss for improper venue. For the reasons stated herein, Plaintiffs' motion will be granted and Defendants' motions will be denied.

### I. BACKGROUND

Plaintiffs are William Jennings and New England Computer Systems, Inc., a Maine corporation. According to the complaint, Defendants are Entre Computer Centers, Inc. (Entre), a Delaware corporation whose principal place of business is in Vienna, Virginia; various officers and directors of Entre, all of whom are Virginia or New York citizens; First Century Company ("Company") and First Century Partnership II ("Century"), both unincorporated associations whose principal places of business are in New York, New York; Smith Barney, Harris Upham and Company, Inc. (Smith Barney), a Delaware corporation whose principal place of business is in New York, New York; and Idanta Partners ("Idanta"), an unincorporated association whose principal place of business is in Fort Worth, Texas.

Plaintiffs, who hold a franchise from Defendant Entre, assert claims under the Racketeer Influenced and Corrupt Orga-

nizations Act (RICO), 18 U.S.C. §§ 1961–68 (1982 & Supp. III 1985); the Maine Unfair Trade Practices Act, Me.Rev.Stat.Ann. tit. 5, §§ 206–14 (1964 & Supp.1986); common law deceit; and breach of an implied covenant of good faith and fair dealing. Plaintiffs allege jurisdiction under 18 U.S.C. § 1964(c) (RICO), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1332(a)(1) (diversity). Plaintiffs' complaint alleges that venue lies in this district by virtue of 28 U.S.C. § 1391(b) (district where all defendants reside or where claim arose) and 28 U.S.C. § 1391(c) (defendant corporation resides in district where it is incorporated or licensed to do business or does business).

## II. THE VENUE QUESTION

Plaintiffs have now conceded that because all Defendants do not reside in this district and because the claims arose in the Eastern District of Virginia,[1] venue is improper in this district; they move pursuant to 28 U.S.C. § 1406(a) for an order transferring the entire case to the Eastern District of Virginia.[2] Section 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

■ Defendants argue that a transfer under this section is inappropriate because it is not in the interest of justice and because the case could not have been brought

in the Eastern District of Virginia; Defendants therefore move to dismiss for improper venue.[3] The Court considers each of these arguments in turn. As a preliminary matter, however, the Court notes, first, that it need not have personal jurisdiction over defendants in order to transfer a case under section 1406(a). *Goldlawr v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); *see* 15 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3827 at 262–63 & n. 7 (2d ed. 1986). Second, when a "transfer is under section 1406(a), the transferee court should apply whatever law it would have applied had the action been properly commenced there." *Id.* at 267 (citing cases).

### A. The Interest of Justice

■ "It is not surprising that in most cases of improper venue the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss. The reasons for doing this are especially compelling if the statute of limitations has run, so that dismissal would prevent a new suit by plaintiff...." *Id.* at 268–69 (citing cases). In this case, dismissal might well prevent a new suit by Plaintiffs because the federal courts in Virginia apply a one-year statute of limitations to civil RICO actions. *HMK Corp. v. Walsey*, 637 F.Supp. 710, 720–24 (E.D.Va.1986).[4] Transfer is thus in the interest of justice.

Defendants respond to this argument by asserting that Plaintiffs, knowing full well

---

**1.** Plaintiffs have made a lukewarm effort to show that their claims against the Entre officer/director defendants, Heller, Edgette, Zsidisin, Arrington, and Helfinstein, arose in the District of Maine. Plaintiffs rely solely but inappositely on *Iranian Shipping Lines v. Moraites*, 377 F.Supp. 644 (S.D.N.Y.1974); this Court is persuaded that all of Plaintiffs' claims against all Defendants arose in the Eastern District of Virginia.

**2.** Plaintiffs have also moved for a transfer pursuant to 28 U.S.C. § 1404(a). Transfer under that section is available, however, only in cases where venue was proper in the district of original filing.

**3.** Defendant Entre also argues that venue is improper because its franchise agreement with Plaintiffs includes a forum selection clause designating Virginia state and federal courts as the

only courts in which suits relating to the agreement may be brought. Plaintiffs argue that this clause is unenforceable. The Court need not reach this argument, because venue is improper under 28 U.S.C. § 1391(b) without regard to the existence or enforceability of the clause.

**4.** Because RICO itself provides no statute of limitations for actions alleging civil violations, courts have looked to local limitations periods applicable to analogous acts and have incorporated these local limitations into federal law if not inconsistent with federal law or policy. *See, e.g., Hunt v. American Bank and Trust Co. of Baton Rouge*, 783 F.2d 1011 (11th Cir.1986); *Compton v. Ide*, 732 F.2d 1429 (9th Cir.1984); *Alexander v. Perkin Elmer Corp.*, 729 F.2d 576 (8th Cir.1984).

that venue in Maine was improper, nevertheless filed this case in Maine precisely to avoid the one-year limitations period used in Virginia. Defendants fear that, after transfer, Plaintiffs will argue for the applicability of some longer limitations period based on Maine law. Defendants conclude that transfer of the case would not be in the interest of justice but would serve only to reward what Defendants see as Plaintiffs' tactical machinations.

■ The Court doubts, however, that the transfer will permit Plaintiffs, in these circumstances, to avail themselves unfairly of any longer limitations period based on Maine law. As noted above, the transferee court will apply whatever law it would have applied had the action been properly commenced there; the fact that the action was initially and improperly filed here certainly affords no basis, standing alone, for looking to Maine statutes of limitations. The transferee court will look to Maine law only to the extent it would have done so had the action been commenced in, rather than transferred to, that court; Plaintiffs therefore obtain no unfair advantage by having filed in Maine. In any case, because the claims arose in Virginia, it appears likely that the transferee court would look to Virginia rather than Maine law in determining the limitations period applicable to the RICO claims.[5] In short, transfer is unlikely to reward Plaintiffs' machinations, if machinations they were.

■ A second consideration relevant to the "interest of justice" inquiry is that, according to Plaintiffs, there are currently four other cases now pending in various federal courts against the identical defendants and involving identical claims. Plaintiffs assert that the plaintiffs in those other cases have also filed motions to transfer the cases to the Eastern District of Virginia; if these motions are granted, plaintiffs in all the actions (who are apparently represented by the same counsel) intend to move to consolidate the cases for discovery and trial. Although this factor does not necessarily favor transfer over dismissal, the likely consolidation of proceedings and consequent minimization of the burdens of litigation suggests that a transfer will result in less prejudice to Defendants than in the usual transfer-or-dismiss situation.

Some of the Defendants argue that Plaintiffs must show some change of circumstances in order to satisfy the "interest of justice" standard. That may be true where a plaintiff has moved to transfer under 28 U.S.C. § 1404(a); in such cases, where the original venue is proper and unobjectionable to the defendant, it seems fair to require the plaintiff to show some change in circumstances warranting overturning that plaintiff's own forum choice. Here, however, Plaintiffs move under section 1406(a), and the original venue is both improper and objectionable to Defendants. Because in these circumstances Plaintiffs' own forum choice *must* be overturned regardless of Plaintiffs' views, Plaintiffs should have the opportunity to demonstrate that transfer is in the interest of justice without having to show changed circumstances. Indeed, section 1406(a) declares that the district court "*shall . . . if it be in the interest of justice, transfer*" the case (emphasis added). This would appear to require the court, when venue is improper and a defendant objects thereto, to consider whether transfer is in the interest of justice.

The Court concludes that Plaintiffs' choice of venue was the result of mistake and that the interest of justice requires that the case be transferred to the Eastern District of Virginia.

### B. *Whether the Case "Could Have Been Brought" in the Eastern District of Virginia*

The parties agree that the District Court for the Eastern District of Virginia is the

---

**5.** This Court, of course, expresses no conclusion as to (1) what limitations should apply to the RICO claims; (2) whether this action is barred by the one-year limitations period applied in Virginia; or (3) whether, if this action were dismissed, a new action would be barred by that one-year period. Those questions are better answered, to the extent necessary, by the transferee court.

proper venue for this action, has subject matter jurisdiction, and has personal jurisdiction over most of the Defendants. The only dispute concerns whether the Virginia court has personal jurisdiction over Defendants Company, Century, and Idanta. Plaintiffs concede that this is a "gray area" but argue that the Virginia court has jurisdiction and thus that this action could have been brought there. Defendants Company, Century, and Idanta argue that the Virginia court lacks jurisdiction over their persons, that this action could not have been brought there, and thus that transfer under section 1406(a) is inappropriate.

Plaintiffs are correct in asserting that the question of the Virginia court's personal jurisdiction is a gray area. Plaintiffs assert that the court has jurisdiction over persons, such as Company, Century, and Idanta, that hold substantial equity investments in a corporation, such as Entre, whose principal place of business is in Virginia. Plaintiffs rely on two provisions of Virginia's long-arm statute, Va.Code Ann. §§ 8.01–328.1(A)(1), (A)(4). Plaintiffs may also be able to obtain service of process, at least for purposes of their RICO claims, under 18 U.S.C. § 1965(b), which authorizes service in any judicial district of the United States when "it is shown that the ends of justice require that other parties residing in [such] district be brought before the court" in which the RICO action is pending. Assuming that due process and the "ends of justice" standards are met, the Virginia court could exercise personal jurisdiction over Company, Century, and Idanta.

■ This Court is of the view that the relevant determinations—involving the Virginia long-arm statute and the "ends of justice" standard—are under the circumstances of this case best made by the Virginia court. That court has greater expertise in Virginia law, and the "ends of justice" may appear in a different light to that court if one or more of the related cases are transferred to and consolidated in that court. This case clearly could have been brought in the Virginia court against those Defendants who do not dispute that court's personal jurisdiction. It would be unfair to dismiss (and possibly render time-barred) Plaintiffs' claims against those Defendants simply because there are doubts about the Virginia court's personal jurisdiction over Company, Century, and Idanta—doubts which the Virginia court is best situated to resolve. This Court will thus assume, without deciding, that this entire action could have been brought in the Virginia court and will order the action transferred there under 28 U.S.C. § 1406(a). That court may then determine the propriety of exercising personal jurisdiction over Company, Century, and Idanta. *See* C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3827 at 276–77 & n. 37.

### III.  ORDER

It is therefore ORDERED that Defendants' motions to dismiss for improper venue be, and they are hereby, DENIED, and that this case be, and it is hereby, TRANSFERRED to the United States District Court for the Eastern District of Virginia, pursuant to 28 U.S.C. § 1406(a).