Daniel **FREUND**, as personal representative of the Estate of Timothy Alan Walsh, and Katherine Freund, as mother and next friend of Alison and Ryan Walsh, Plaintiffs,

v.

**FLEETWOOD ENTERPRISES, INC.,** Southwind Motor Homes, Inc., Ekves Service Center, Inc., Stolle Corporation, Magic Chef, Inc., Manchester Tank & Equipment Co., CCI Controls, and U–Haul International, Inc., Defendants.

Civ. No. 89–0230–P.

United States District Court,
D. Maine.

Sept. 7, 1990.

Thomas J. Connolly, John McCurry, Portland, Me., for plaintiffs.

Thomas J. Quinn, Portland, Me., for Fleetwood.

Edward R. Benjamin, Christopher D. Nyhan, Preti, Flaherty, Portland, Me., for Ekves.

Theodore H. Kirchner, Portland, Me., for U–Haul.

James G. Googin, Verrill & Dana, Portland, Me., for Stolle Corp.

John R. Linnell, Auburn, Me., for Magic Chef.

Lawrence C. Winger, Herbert H. Bennett & Associates, Portland, Me., for Manchester Tank & Equipment.

Ernest J. Babcock, Martha C. Gaythwaite, Portland, Me., for CCI Controls.

## ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE AND DENYING PLAINTIFFS' MOTION FOR CHANGE OF VENUE PURSUANT TO 28 U.S.C. § 1406(a)

GENE CARTER, Chief Judge.

The Honorable David M. Cohen, United States Magistrate, filed with this Court on June 27, 1990, with copies to counsel, his Recommended Decision on Motion to Dismiss of Defendant Ekves Service Center, Inc. Plaintiffs timely filed on July 13, 1990 their Objection to the Magistrate's Recommended Decision. This Court has reviewed and considered the Magistrate's Recommended Decision, together with the entire record, and has made a *de novo* determination of all matters adjudicated by the Magistrate's Recommended Decision to which objection has been made. This Court concurs with the recommendations of the United States Magistrate with respect to the issue of the existence of *in personam* jurisdiction over Defendant Ekves Service Center, Inc. for the reasons set forth in his Recommended Decision. The Court hereby *ADOPTS* the Recommended Decision of the Magistrate.

Plaintiffs, in their Memorandum of Law in Support of the Objection to the Magistrate's Recommended Decision (Docket No. 19M, hereinafter Plaintiffs' Memorandum), seek transfer pursuant to the provisions of 28 U.S.C. § 1406:[1] "if the facts as found by this Court will not support personal jurisdiction, in the interest of justice, Plaintiffs ask that *their cause of action against Ekves* be transferred to the Western District of Pennsylvania." Plaintiffs' Memorandum at 3[2] (emphasis added). Plaintiffs also rely on the proposition, articulated initially in *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), that this Court need not have personal jurisdiction over the defendant in order to transfer a case to another district to cure a defect in venue. Plaintiffs further cite this Court's decision in *Jennings v. Entre Computer Centers, Inc.*, 660 F.Supp. 712 (D.Me.1987).[3]

Defendant Ekves, in its responsive filing to Plaintiffs' objection (Docket No. 20M, hereinafter Defendants' Memorandum), objects to the requested transfer. Defendants' Memorandum at 7–12. This issue

---

1. Section 1406(a), entitled "Cure or Waiver of Defects," reads as follows:
   (a) The district court of a district in which is filed a case laying venue *in the wrong division or district* shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

2. No formal motion for transfer has been filed.

3. Plaintiffs take nothing from their reliance on *Jennings*. No issue was generated in that case as to the propriety of applying section 1406(a). The Court's opinion simply articulates the application of the proper standard to determine factually if transfer is appropriate, *assuming* that the statute applies to the case.

was not presented to and was not ruled upon by the Magistrate. On *de novo* review, this Court addresses the issue of transfer for the first time in this case.[4]

■ One would think Justice Harlan guilty of a considerable understatement when he wrote in his dissenting opinion in *Goldlawr*,

[t]he notion that a district court may deal with an *in personam* action in such a way as possibly to affect a defendant's substantive rights [in respect to the operation of an applicable statute of limitations] without first acquiring jurisdiction over him is not a familiar one in federal jurisprudence.

369 U.S. at 467–68, 82 S.Ct. at 916–17 (Harlan, J., dissenting). The majority opinion clearly gives, however, the broadest possible application to the provisions of section 1406(a): "nothing in that language [of the statute] indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants." *Id.* at 465, 82 S.Ct. at 915. In a humane holding of doubtful analytic purity, the Court states "[t]he language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case *as to venue, whether the Court in which it was filed had personal jurisdiction over the defendants or not.*" *Id.* at 466, 82 S.Ct. at 916 (emphasis added). Thus, the absence of personal jurisdiction over the defendant is no impediment to the transfer of a case to another district *where the venue is initially erroneously laid in the wrong district or division.*

If venue in this case is erroneously laid in the District of Maine, then the present case is within the purview of section 1406(a) and this Court may, pursuant to the holding in *Goldlawr*, transfer the action against Ekves to any district "in which it could have been brought, 28 U.S.C. § 1406(a), even in the absence of *in personam* jurisdiction over Defendant Ekves." The difficulty with Plaintiffs' position, however, is that section 1406(a) does not apply. *Venue is properly laid in the District of Maine* under the pertinent provisions of law.[5]

28 U.S.C. § 1391(a) states:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by

---

**4.** Defendant Ekves contends that Plaintiffs may not now seek a change of venue pursuant to section 1406(a) because no request for such relief was made to the Magistrate. Defendant asserts that failure to make the request in the proceedings before the Magistrate constitutes a waiver of Plaintiffs' right to such relief. The Court passes, without deciding, this issue.

**5.** Clearly, the entire case against all Defendants, as it is now pending in this Court, could not be transferred pursuant to 28 U.S.C. § 1406(a) because the statute permits transfer only to a district "in which it could have been [initially] brought." Plaintiffs' Third Amended Complaint (Docket No. 51) alleges the citizenship (*i.e.*, residence for purposes of venue determination) of the Defendant corporations, other than Ekves, as California, *id.* at ¶¶ 5, 9, and 10; Pennsylvania, *id.* at ¶ 6; Ohio, *id.* at ¶ 7; Tennessee, *id.* at ¶ 8; and Arizona, *id.* at ¶ 11. The action as so structured could not be properly brought in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(a). Plaintiffs do not reside there. All Defendants do not reside there. The claims asserted in the Complaint did not arise in that district.

It is presumably for that reason that Plaintiffs seek a transfer of only "their cause of action against Ekves." Plaintiffs' Memorandum at 2.

The Court has grave doubts that it has the authority under section 1406(a) to transfer only part of a case brought against multiple defendants. Section 1406(a) specifically applies to "a case" in which venue is wrongly laid and authorizes transfer of "such case." Facially interpreted, the statute appears to contemplate the transfer of an entire case. Such a construction would appear to be consistent with the statutory intent, as revealed by the statute's plain language, and with a judicial policy of avoiding unnecessary multiplicity of suits on the same causes of action. On the other hand, Plaintiffs could have brought an action against Defendant Ekves as a sole defendant in the Western District of Pennsylvania, so arguably a piecemeal transfer would do no harm.

The question is difficult, and in the view of the absence of any generation or briefing of the issue by the parties herein, the absence of any formal motion for transfer by Plaintiffs, and the Court's conclusion herein that section 1406(a) does not, in any event, apply to permit the transfer to cure a defect in venue in this case, the Court intimates no opinion as to how the question should be properly resolved.

law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

Plaintiffs' Third Amended Complaint (Docket No. 51) names as plaintiffs Daniel Freund, as the personal representative of the estate of the deceased, and Katherine Freund, as mother and next friend of minor children alleged to be the issue of the deceased. The Complaint alleges that Daniel Freund is a resident of the Town of South Freeport in the State of Maine, *id.* at ¶ 1, and that Katherine Freund is a resident of Portland in the State of Maine. *Id.* at ¶ 2. It is alleged that jurisdiction in the action is based on diversity of citizenship, *id.* at ¶ 12, and that all Defendants are nonresidents of the State of Maine. *Id.* at ¶¶ 5–11.[6] Further, it is alleged that on September 21, 1987, *in North Berwick, Maine,* the decedent, Timothy Walsh, was killed when the gas systems in the subject mobile home, allegedly purchased by him from one or more of the Defendants, exploded and burned. *Id.* at ¶ 32.

▮ Under the foregoing allegations, venue is properly laid in the District of Maine pursuant to section 1391(a) on either of two theories: (1) that all Plaintiffs reside in the District of Maine, or (2) that the claims set forth in the Complaint arose out of events occurring in the District of Maine. Venue being properly laid, there is no basis upon which the provisions of section 1406(a) can operate. The specific language of that statute requires, in order for the Court to be authorized to transfer the case, that there be a defect in venue—that is, the Court may act only in "a case laying venue in the wrong division or district."

28 U.S.C. § 1406(a). *Goldlawr* likewise requires a defect in venue before authorizing a transfer.[7] The Supreme Court stated that the statute is broad enough to authorize a transfer of a case "however wrong the plaintiff may have been in filing his case *as to venue.*" *Goldlawr,* 369 U.S. at 466, 82 S.Ct. at 916 (emphasis added). Analytically, this result is inevitable simply because the statute is intended to be invoked *to cure* a defect in venue. If there is no defect in venue, the statute is not relevant to the case. Accordingly, the Plaintiffs' request for a transfer to cure a defect in venue pursuant to 28 U.S.C. § 1406(a) must be denied.

Accordingly, it is hereby ORDERED as follows:

(1) The Recommended Decision of the Magistrate with respect to the issue of the existence of *in personam* jurisdiction over Defendant Ekves Service Center, Inc. is hereby ADOPTED;

(2) The Motion to Dismiss for Lack of Personal Jurisdiction by Defendant Ekves Service Center, Inc. be, and it is hereby, GRANTED;

(3) Plaintiffs' action against Defendant Ekves Service Center, Inc. is hereby DISMISSED; and

(4) Plaintiffs' request for a transfer of the case as against Defendant Ekves Service Center, Inc. to cure a defect in venue pursuant to 28 U.S.C. § 1406(a) be, and it is hereby DENIED.

▮

---

6. Interestingly, the case could not have been transferred pursuant to section 1406(a) as originally brought in this Court because there was a lack of full diversity of citizenship among Plaintiffs and all Defendants. *See Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Plaintiffs here initially named a Maine corporation as a Defendant. Lack of subject matter jurisdiction precludes a transfer pursuant to section 1406(a). *See Atlantic Ship Rigging Co. v. McLellan,* 288 F.2d 589 (3d Cir.1961); *First National Bank v. United Air Lines, Inc.,* 190 F.2d 493 (7th Cir.1951), *rev'd on other grounds,* 342 U.S. 396, 72 S.Ct. 421, 96 L.Ed.441 (1952); *United States For Use and Ben. of Fairbanks Morse & Co. v. Bero Construction Corp.,* 148 F.Supp. 295 (S.D.N.Y.1957).

Plaintiffs cured the defect in subject matter jurisdiction in this case in response to the Defendant's Motion to Dismiss (Docket No. 3) by omitting the Maine corporation as a party-defendant in their First Amended Complaint (Docket No. 20), Second Amended Complaint (Docket No. 39), and Third Amended Complaint (Docket No. 51).

7. The Court thinks it important to the holding in *Goldlawr* that the transferring court (the "Pennsylvania District Court," *Goldlawr,* 369 U.S. at 464, 82 S.Ct. at 916) found that "venue was improperly laid," *id.,* as to the two defendants who were the subjects of the transfer, one of whom became the appellee before the Supreme Court. *Id.*