Stokes v. Chrysler Corp.          CV-94-647-SD  06/26/95

UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE


<u>Gina Stokes, David Stokes,</u>
 <u>individually;</u>
<u>Joanne Falmachi-Johnson,</u>
 <u>personal representative of the</u>
 <u>Estate of Tammi Stokes</u>


       v.                                    Civil No. 94-647-SD


<u>Chrysler Corporation</u>



                           O R D E R


     In this civil action, plaintiffs Gina and David Stokes, and

Joanne Falmachi-Johnson on behalf of the Estate of Tammi Stokes,

allege claims of (1) negligence, (2) strict liability, (3)

negligent failure to warn of defect, (4) breach of express

warranties, (5) breach of implied warranties, and (6) negligent

infliction of emotional distress against defendant Chrysler

Corporation for injuries incurred when plaintiffs' Jeep Cherokee

was involved in a motor vehicle accident.

     Presently before the court is Chrysler's motion to dismiss

for improper venue pursuant to 28 U.S.C. § 1391(a)(2) or, in the

alternative, to transfer for lack of venue pursuant to 28 U.S.C.

§ 1406(a).[1]  Plaintiffs object to the requested relief.

### Factual Background

On December 19, 1992, Maine residents Gina and David Stokes, traveling in their 1984 four-door Jeep Cherokee,[2] drove to Winooski, Vermont, to pick up their daughter Tammi, a student at St. Michael's College.  Complaint ¶ 12.  After picking up Tammi and completing some Christmas shopping, the Stokes family began their return trip to Maine.  Id. ¶¶ 13-14.[3]

Plaintiffs assert that at approximately 8:00 p.m., while crossing the intersection of Routes 25 and 10 in Piermont, New

---

[1]Chrysler additionally requests a hearing on the instant motion pursuant to Local Rule 11(g).  Standard practice under the local rules of this district is for motions to be decided "without oral argument on the basis of papers filed."  Local Rule 11(g) (emphasis added).  Although the court, in its discretion, may allow oral argument, counsel is required to submit a written statement "outlining the unusual reasons why oral argument may provide assistance to the court . . . ."  Id. (emphasis added).  Notwithstanding the absence of any such statement, the court finds that oral argument is unnecessary to a proper determination of the motion.  Accordingly, defendant's request is denied.

[2]Over unqualified denial by Chrysler, plaintiffs maintain that "[a]t all times relevant to this action, Defendant Chrysler Corporation was a corporation engaged in the design, manufacture, distribution, and/or sale of the motor vehicles known as Jeep Cherokees, including the Jeep Cherokee which was purchased and used by Stokes."  Complaint ¶ 36.

[3]The seating arrangement was as follows: Mr. Stokes was driving, Mrs. Stokes was seated in the front passenger seat, and Tammi was seated in the rear seat.  Complaint ¶ 16.  All three allegedly were wearing their seatbelts at all times.  Id. ¶ 15.

Hampshire, a tractor-trailer struck the Jeep Cherokee on the front driver's side. Id. ¶¶ 16-18. The vehicle allegedly rotated and struck the tractor-trailer at least one more time before coming to a stop facing north and tipped onto the passenger side. Id. ¶¶ 19-20. Plaintiffs assert that, although both Mr. and Mrs. Stokes remained in their seats during the accident, Tammi did not. Id. ¶ 21.

Plaintiffs further assert that during the collision the locking mechanism securing the back seat in an upright position failed and a defect in the latching mechanism to the back hatch caused it to be separated from the vehicle. Id. ¶¶ 22, 42. As a consequence of these alleged defects, Tammi was thrown from the vehicle during the collision and suffered severe head injuries. Id. ¶¶ 22, 29-30. Tammi was taken from the accident scene to Mary Hitchcock Hospital in Lebanon, New Hampshire, where she was pronounced dead at 9:21 p.m. that same evening. Id. ¶ 29.

## Discussion

Dismissal Under 28 U.S.C. § 1391(a)(2)

In federal cases brought under diversity of citizenship, venue is governed by 28 U.S.C. § 1391(a).[4] Chrysler asserts that

---

[4]28 U.S.C. § 1391(a) (Supp. 1995) states:

A civil action wherein jurisdiction is

3

venue is improper in New Hampshire under section 1391(a)(2) because plaintiffs cannot show that a substantial part of the events giving rise to their claim occurred in New Hampshire.[5]

As a general matter, whether venue in this district is appropriate is a matter for the court to determine, and it is plaintiffs' burden to show that venue is proper. See, e.g., Lex Computer & Mgmt. Corp. v. Eslinger & Pelton, P.C., 676 F. Supp. 399, 406 (D.N.H. 1987) ("Plaintiffs have the burden to establish that venue is appropriate in this district."); see also 15 CHARLES

---

> founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) <u>a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred</u>, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

(Emphasis added.)

[5]Although Chrysler acknowledges that "[t]he subject accident took place in New Hampshire," it asserts that "the defendant's allegedly culpable conduct took place elsewhere." Defendant's Memorandum of Law at 3. Chrysler contends that the "events . . . giving rise to the claim" are the manufacturer's conduct in "a) designing and manufacturing an allegedly defective product; b) allegedly failing to provide adequate warnings about that product's supposed dangers; and c) thereafter placing an allegedly defective product in the channels of trade." Id. at 2-3.

4

A. Wright, et al., Federal Practice and Procedure: Jurisdiction 2d § 3826, at 259 (1986) ("when objection has been raised, the burden is on the plaintiff to establish that the district he chose is a proper venue").

This court has previously recognized that venue may be proper in more than one district. See VDI Technologies v. Price, 781 F. Supp. 85, 94 (D.N.H. 1991) (since the language of section 1391(a)(2) "'accepts venue in a district in which "a substantial part" of the activities (out of which the claim arose) took place, . . . there may be several districts that qualify as a situs of such "substantial" activities'" (quoting David D. Siegel, Commentary on 1990 Revision of Subdivisions (a), (b), and (c), 28 U.S.C. § 1391 (West Supp. 1991)) (Siegel Commentary)).[6] "'The fact that substantial activities took place in district B does not disqualify district A as proper venue as long as "substantial" activities took place in A, too.'" VDI Technologies, supra, 781 F. Supp. at 94 (quoting Siegel Commentary); see also Wright, supra, § 3806, at 17 (Supp. 1995)

---

[6]Other districts have also found that "[s]ection 1391(a) does not require finding venue proper in only a single district." Miller v. Meadowlands Car Imports, Inc., 822 F. Supp. 61, 64 (D. Conn. 1993) (citing Sidco Indus., Inc. v. Wimar Tahoe Corp., 768 F. Supp. 1343 (D. Or. 1991); see also Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994) ("amendment changed pre-existing law to the extent that the earlier version had encouraged an approach that a claim could generally arise in only one venue").

("Under the amended statute it is now absolutely clear that there can be more than one district in which a substantial part of the events giving rise to the claim occurred.").

The question herein presented, therefore, is whether plaintiffs' motor vehicle accident constitutes a substantial part of "the events . . . giving rise to [their] claim." See 28 U.S.C. § 1392(a)(2). One asserted basis for recovery in the instant action is products liability.[7] "In a products liability case, [although] 'the events or omissions' [giving rise to the claim] could conceivably touch upon numerous forums," 2A LOUIS R. FRUMER & MELVIN I. FRIEDMAN, PRODUCTS LIABILITY § 16.10, at 16-104 (1994), "the situs of the occurrence is the standard reference point for determining the most convenient forum," id. at 16-103.

Correspondingly, although design and manufacture of the product are substantial events, so too is the product's alleged failure. See id. ("A products liability claim is never evaluated in a vacuum. How, when and where the product was being used . . . create the framework for evaluating the issues of defect and proximate cause."); see also Rosenfeld v. S.F.C. Corp., 702 F.2d

---

[7]Mindful that the majority of plaintiffs' claims sound in tort, the court notes that "[i]t is well established in this district that a tort claim arises in the jurisdiction where the injury occurs." Lex Computer, supra, 676 F. Supp. at 406 (citing Centronics Data Computer Corp. v. Mannesmann, 432 F. Supp. 659, 661 (D.N.H. 1977)).

282, 284 (1st Cir. 1983) (acknowledging a "place of injury" test as appropriate when conducting venue inquiry). In the instant action, it is beyond dispute that the alleged failure occurred, if at all, in New Hampshire.

Moreover, the collision and the events immediately following it were witnessed by New Hampshire residents and investigated by the New Hampshire State Police. "Usually, witnesses on the scene immediately following an occurrence are also important 'historians' concerning 'what happened.' These persons include not only the eyewitnesses to the accident, but investigating police officers, firefighters, emergency medical personnel, ambulance attendants, tow truck operators, and all other persons who viewed the product, the accident scene and the injured person during and immediately after the accident." FRUMER & FRIEDMAN, supra, § 16.10, at 16-103.[8]

Because alleged product failure and resulting injuries serve as the basis for plaintiffs' claims, the court finds that the Piermont, New Hampshire, motor vehicle accident was the catalyst for this action and, as such, a substantial event sufficient to

_____

[8]In this regard, the court notes that retaining venue in this district likewise places all such witnesses within this court's 100-mile subpoena power. See Rule 45(b)(2), Fed. R. Civ. P.; see also FRUMER & FRIEDMAN, supra, § 16.10, at 16-103 ("the situs of the occurrence . . . may also be the only forum . . . where the principal non-party witnesses can be compelled to testify").

7

confer venue in this district.  Accordingly, the court hereby finds and rules that venue is appropriate under section 1391(a)(2).[9]  Defendant's motion to dismiss or, in the alternative, to transfer must be and herewith is denied.

Conclusion

For the reasons set forth herein, defendant's motion to dismiss or, in the alternative, to transfer (document 11) is denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

June 26, 1995

cc:  Robert M. Nadeau, Esq.
     Peter M. Durney, Esq.

_____

[9]As an alternative to dismissal, defendant moves to transfer the present action for improper venue "to an appropriate," yet undenominated, "federal court" pursuant to 28 U.S.C. § 1406(a). Defendant's Motion to Dismiss at 1.  However, before an action can be transferred pursuant to section 1406, it must be shown that venue in this district is improper. Buckley v. Bourdon, 682 F. Supp. 95, 100 n.5 (D.N.H. 1988).  Section 1406(a) is inapposite to the present inquiry because the statute "is intended to be invoked to cure a defect in venue.  If there is no defect in venue, the statute is not relevant to the case." Freund v. Fleetwood Enters., Inc., 745 F. Supp. 753, 756 (D. Me. 1990); see also Martin v. Stokes, 623 F.2d 469, 471 (6th Cir. 1980) ("§ 1406(a) applies in general to those actions brought in an impermissible forum").  The court, having found venue appropriate pursuant to 28 U.S.C. § 1391(a)(2), accordingly denies defendant's section 1406(a) motion to transfer as moot.