**Jesus SAEZ RIVERA, et al.,
Plaintiffs, Appellants,**

v.

**NISSAN MANUFACTURING CO., et al.,
Defendants, Appellees.**

**No. 85–1774.**

United States Court of Appeals,
First Circuit.

April 23, 1986.

Rafael A. Oliveras Lopez De Victoria, Hato Rey, P.R., for plaintiffs, appellants.

Jay A. Garcia Gregory with whom Salvador Antonetti-Zequeira, Diego A. Ramos, Fiddler, Gonzalez & Rodriguez, Hato Rey, P.R., Richard P. Campbell, Timothy Wilton, Susan E. Berry and Campbell and Associates Professional Corp., Boston, Mass., were on brief, for defendants, appellees.

Before CAMPBELL, Chief Judge, BREYER and TORRUELLA, Circuit Judges.

PER CURIAM.

In October 1982 plaintiff Jesus Saez Rivera was involved in an automobile accident. At the time of the accident, he was apparently driving a Datsun Model 210 automobile manufactured by Nissan Motor Company. One year later, Saez and others filed suit in the United States District Court for the District of Puerto Rico against the "Nissan Manufacturing Co.," alleging defects in the manufacture and design of the vehicle.

Nissan is a foreign corporation based in Japan. Under both Fed.R.Civ.P. 4(d)(3) and Puerto Rico Rule of Civil Procedure 4.4(e),[1]

---

1. The local Puerto Rico rule is also relevant since the federal rules provide that when the party to be served is not an inhabitant of or found within the state in which the district

one way of serving process upon a foreign corporation is to deliver a copy of the summons and the complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Plaintiffs served a summons upon an employee in Nissan's liaison office in San Juan, Puerto Rico. Nissan moved to quash service, accompanying its motion with an affidavit from the manager of its legal department stating that neither the office nor any employee in it was authorized to accept service of process on behalf of Nissan. Plaintiffs filed no opposition to the motion. The district court therefore quashed the summons, and it dismissed the action for lack of personal jurisdiction over the defendant. Plaintiffs took no appeal, and the district court's order became final.

Some months later, plaintiffs filed another complaint, identical to the first, in the district court. Once again, plaintiffs attempted service by delivering a summons and a copy of the complaint upon an employee of Nissan's liaison office in San Juan. Upon motion of Nissan, accompanied by an affidavit reiterating that no one in the liaison office was authorized to accept service for Nissan, the court again quashed service. This time, plaintiffs appealed, claiming that their service of process was proper.

■■■ The case law is clear that a dismissal for improper service is without prejudice to refiling the case. That is, plaintiffs' substantive claim was not extinguished by operation of res judicata when the district court dismissed their first action. The dismissal did have the effect of precluding relitigation of those matters actually decided in the first litigation, however. 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 12.14, at 12–100 (2d ed. 1985). It was actually determined in the first litigation that no employee of the liai-

son office was at that time authorized to accept service of process on behalf of Nissan, thus nullifying the method of service then undertaken. Fed.R.Civ.P. 4(d)(3); Puerto Rico Rule of Civil Procedure 4.4(e). This would perhaps not have collaterally estopped plaintiffs from later litigating whether service upon another liaison office employee was proper if they could show that the liaison office had since come to employ someone having the requisite authority, but no such evidence was tendered.[2]

■■■ Here, Nissan has again filed an identical affidavit that no one in the San Juan office was authorized to accept service of process on its behalf. Plaintiff has put forward nothing other than the process server's assertion that she served a person "of Japanese descent" who "stated ... he was the presiding officer of Nissan in Puerto Rico." But this scarcely indicated that the person served was "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," especially in the face of Nissan's affidavit to the contrary.

■■■ Plaintiffs could have served process in a number of other ways. For example, as the district court pointed out, it appears that under Rule 4.5 of the Puerto Rico Rules of Civil Procedure service could have been made by publication in the absence of a resident agent. Service could have been had upon Nissan in Japan pursuant to Fed. R.Civ.P. 4(i) or, where appropriate, the Hague Convention agreement on extraterritorial service, *reprinted in* 28 U.S.C.A. Rule 4 Supp. 87–101 (West 1985). Alternatively, plaintiffs could have sought to depose Nissan personnel, Fed.R.Civ.P. 30(a), or by other means secured evidence to show that the individual served in San Juan was the sort of officer or agent who could

---

court is held, a district court may permit service of process in the manner prescribed by state law. Fed.R.Civ.P. 4(e).

**2.** The burden of proof to establish proper service of process was upon plaintiffs. *Familia de*

*Boom v. Arosa Mercantil, S.A.,* 629 F.2d 1134, 1139 (5th Cir.1980); 5 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure: Civil* § 1353, at 582 (1969).

be served under the federal and Puerto Rico rule. Instead, plaintiffs simply repeated their earlier approach, which had already been rejected. Late in the day, plaintiffs sought a jurisdictional hearing on the merits of their service, but given that plaintiffs had ample time to have made inquiry on this issue, it was not error to deny this motion.

*Affirmed.*