**Carl COOPER, Jr., Plaintiff,**

v.

**MAKITA, U.S.A., INC.**

**and**

**Makita Electric Works, Ltd., Defendants.**

**Civ. No. 87–0053 P.**

United States District Court, D. Maine.

Sept. 24, 1987.

Stanley Greenberg, Greenberg & Greenberg, Portland, Me., for plaintiff.

Elizabeth G. Stouder, Richardson & Troubh, Portland, Me., for defendants.

MEMORANDUM OF DECISION AND ORDER ON MOTION TO DISMISS COMPLAINT DUE TO INSUFFICIENCY OF PROCESS AND INSUFFICIENCY OF SERVICE OF PROCESS (Fed.R.Civ.P. 12(b)(4), (5))

GENE CARTER, District Judge.

This is a products liability diversity action, the substantive cause of action arising under 14 M.R.S.A. § 221, which provides for imposition of liability upon a seller of goods or products in a defective condition unreasonably dangerous to the user or consumer thereof. Defendant Makita Electric Works, Ltd. (Makita Electric), a Japanese corporation, has moved to dismiss the complaint due to insufficiency of process and insufficiency of service of process. Plaintiff made service upon Makita Electric by registered mail sent to its office in Japan pursuant to Fed.R.Civ.P. 4(i)(1)(D). Makita Electric contends that such service "does not comply with the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters of 1965 (The Hague Convention), 20 U.S.T. 361 (Appendix A)." Memorandum in Support of Motion to Dismiss at 1. No issue is generated on Makita Electric's motion as to the existence of a sufficient basis for this Court's assertion of personal jurisdiction over Makita Electric. Plaintiff has objected to the motion and has sought an award of counsel fees under Rule 11 on the basis that the motion must be deemed frivolous.

The issue presented is one of the appropriate construction of a provision of the so-called Hague Convention. The Convention states in Article 1 that it applies to all cases in civil or commercial matters "where there is occasion to transmit a judicial or extrajudicial document *for service* [in Japan]." 20 U.S.T. at 362 (emphasis added). Articles 3 and 5 provide generally for service to be achieved through the actions of "a Central Authority" of the country in

which service is to be accomplished. Article 10 provides as follows: [1]

> Provided [Japan] does not object, the present Convention shall not interfere with (a) the freedom to send judicial documents, by postal channels, directly to persons abroad, (b) the freedom of judicial officers, officials or other competent persons of [the United States] to effect service of judicial documents directly through the judicial officers, officials or other competent persons of [Japan], (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of [Japan].

20 U.S.T. at 363. Makita Electric asserts, and Plaintiff does not contest, that at the time of its ratification of the Convention, Japan objected to subparagraphs (b) and (c) of Article 10. *See Pochop v. Toyota Motor Co., Ltd.,* 111 F.R.D. 464, 465–66 (S.D.Miss. 1986). The question then resolves itself into the issue of whether Article 10(a), by its use of the word "send," intends to encompass "service" of judicial documents through the method therein described.

The parties have cited various cases, some on the precise point at issue and others not. The Court can find no case where the precise issue has been generated and decided by the Court of Appeals for the First Circuit. After a review of all of the cited cases, the Court finds persuasive, and therefore dispositive of the issue at bar, the case of *Mommsen v. Toro Co.,* 108 F.R.D. 444 (S.D.Iowa 1985) (Vietor, C.J.). Precisely the same issue was raised there, and Chief Judge Vietor reasoned as follows:

> The provision at issue here, subparagraph (a) of Article 10, does not expressly allow 'service' of judicial process by postal channels in signatory nations; it merely permits one to 'send' judicial documents by mail to persons abroad. It is a 'familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that

language must ordinarily be regarded as conclusive.' In addition, where a legislative body 'includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that [the legislative body] acts intentionally and purposely in the disparate inclusion or exclusion.' Finally, where a legislative body 'uses terms that have accumulated meaning under either equity or the common law, a court must infer, unless the statute otherwise dictates, that the [legislative body] means to incorporate the established meaning of those terms.' The Hague Convention repeatedly refers to 'service' of documents, and if the drafters of the Convention had meant for subparagraph (a) of Article 10 to provide an additional manner of service of judicial documents, they would have used the word 'service.' To hold that subparagraph (a) permits direct mail service of process, would go beyond the plain meaning of the word 'send' and would create a method of service of process at odds with the other methods of service permitted by the Convention. Sending a copy of a summons and complaint by registered mail directly to a defendant in a foreign country is not a method of service of process allowed by the Hague Convention.

*Id.* at 446 (citations omitted; bracketed material in original); *see also Pochop,* 111 F.R.D. at 465–66.

Plaintiff has contended herein that provisions of the Hague Convention do not supersede the method of service prescribed by Fed.R.Civ.P. 4(i)(1)(D). However, it is well established that the Hague Convention is a treaty which is "law of the land" under the supremacy clause of the Constitution. Art. VI, cl. 2; *Mommsen,* 108 F.R.D. at 445; *DeJames v. Magnificence Carriers, Inc.,* 654 F.2d 280, 288–89 (3d Cir.1981), *cert. denied,* 454 U.S. 1085, 102 S.Ct. 642, 70 L.Ed.2d 620 (1981). The most that the decided cases establish in support of such a contention is that where service has been attempted in good faith under the Conven-

---

**1.** The parties agree that Japan is a signatory to    the multilateral Convention.

tion, defects in the execution of such service were not intended under the Convention "to supersede the general and flexible scheme" of Rule 4. *Fox v. Regie Nationale Des Usines Renault*, 103 F.R.D. 453, 455 (W.D.Tenn.1984); *Pochop*, 111 F.R.D. at 467. Here, Plaintiff has never attempted to achieve service under the Convention and it is clear to this Court that where service is attempted pursuant to Rule 4, at least good faith compliance with the terms of the convention is required.

Plaintiff has cited a number of cases in support of its contentions herein. That of *Saez Rivera v. Nissan Mfg. Co.*, 788 F.2d 819, 821 (1st Cir.1986), does not contain any holding, as counsel properly indicates in his memorandum, on the position for which Plaintiff cites the case. There, in dealing with a decidedly different issue, the court observed in *dictum* that "service [here] could have been had upon Nissan in Japan pursuant to Fed.R.Civ.P. 4(i) or, where appropriate, the Hague Convention agreement on extraterritorial service...." *Id.* at 821 (omitting citations). The court did not have before it any issue with respect to the interrelationship of Rule 4(i) and the pertinent provisions of the Hague Convention where service was appropriate under those authorizations. The Court of Appeals ventures no discussion in *Rivera* of any such interrelationship and this Court is not satisfied that the Court of Appeals for the First Circuit meant to express any view on such matter by its reference to these provisions in a listing of methods, other than that utilized in the *Rivera* case, by which effective service could have been there accomplished.

The case of *DeJames* is not on the point at issue here either. The broad issue in *DeJames* was whether there were sufficient substantive contacts with the state of New Jersey (or the United States) to justify the court in exercising personal jurisdiction over the foreign defendant, Hitachi Ship Building and Engineering Co., Ltd. *DeJames*, 654 F.2d at 283. That court refined that issue to the narrower one of whether

the Hague Convention here in question combined with the pertinent provisions of Rule 4 to effect a "wholly federal means" of service. *Id.* at 286. The court noted that Rule 4 simply provides a mechanism for achieving service otherwise authorized and that "unless we hold that the treaty is the equivalent of such a federal service-of-process statute, [plaintiff] is limited by either Rule 4(e) or Rule 4(i) to the authorization provided in the New Jersey long-arm rule." *Id.* at 289. The court concluded: "[W]e do not believe that the treaty alone provides authorization for service abroad. Nor do we read the treaty as the equivalent of a federal statute authorizing service in a foreign country." *Id.* The case reaches no further in its holding than those determinations. It in no way addresses the narrow constructional issue here at bar. The Court finds the remaining cases cited by Plaintiff to be inapposite or otherwise distinguishable.

While it is clear that this matter may not go forward to judgment under the provisions of the Convention until at least an attempt at good faith compliance with those provisions has been made, the Court sees no need to dismiss this case, originally filed on February 27, 1987, in which a considerable amount of pretrial development has been accomplished to date. Following the lead of Chief Judge Vietor in *Mommsen, supra*, this Court will afford Plaintiff a reasonable opportunity to accomplish service under the pertinent terms of the Convention unless Makita Electric's counsel will accept service for limited purposes of this action or otherwise waive compliance with the terms of the Convention.[2]

Accordingly, it is hereby ORDERED that the attempted service of process of Plaintiff upon Makita Electric Works, Ltd. be, and it is hereby, QUASHED, and Plaintiff is hereby granted until November 9, 1987 within which to properly serve Defendant Makita Electric Works, Ltd. in compliance with the provisions of the Hague Convention. If proper service is not obtained by

---

**2.** Thus may the Court avoid imposing unwittingly upon Plaintiff any prejudicial complications with any pertinent statutory limitations about which counsel have made no reference to date.

that date, said Defendant may renew its motion to dismiss this case.