**Michael P. TRASK, Father and Next of Friend of Christina Trask, a Minor, Plaintiff,**

v.

**SERVICE MERCHANDISE CO. INC., Huffy Corporation, and Arai Industrial Company, Ltd., Defendants.**

Civ. A. No. 89–1912–T.

United States District Court, D. Massachusetts.

Jan. 26, 1991.

Charles J. O'Malley, Kevin D. McElaney, Johnson, O'Malley & Harvey, Boston, Mass., for defendant Service Merchandise.

## ORDER

TAURO, District Judge.

This court hereby adopts Magistrate Judge Bowler's Report and Recommendation dated January 30, 1991 without objection by the parties. This action is, therefore, TRANSFERRED to the United States District Court for the District of Maine.*

Defendant Arai Industrial Company, Ltd.'s Motion to Dismiss Amended Complaint and Defendant Arai Industrial Company, Ltd.'s Motion to Dismiss Counterclaims are DENIED without prejudice to being renewed in the event that service is not properly effected. Defendant Huffy Corporation's Motion to Dismiss on Grounds of Forum Non Conveniens is also DENIED.

IT IS SO ORDERED.

REPORT AND RECOMMENDATION RE: DEFENDANT HUFFY CORPORATION'S MOTION TO DISMISS, ON GROUNDS OF FORUM NON CONVENIENS (DOCKET ENTRY # 15); MOTION OF DEFENDANT, ARAI INDUSTRIAL COMPANY, LTD. TO DISMISS AMENDED COMPLAINT (DOCKET ENTRY # 23); AND MOTION OF DEFENDANT, ARAI INDUSTRIAL COMPANY, LTD. TO DISMISS CROSSCLAIMS (DOCKET ENTRY # 24)

January 30, 1991

Nathan Greenberg, Boston, Mass., for plaintiff.

Catherine M. Tieman, John B. Cannarton, Jr., P.C., Melissa M. Der, Medverd, Connarton & Simmons, Boston, Mass., for defendants Huffy Corp. and Arai Indus. Co.

MARIANNE B. BOWLER, United States Magistrate Judge.

Defendant Huffy Corporation's Motion to Dismiss on Grounds of Forum Non Conveniens was filed on December 21, 1989. (Docket Entry # 15).[1] Defendant Huffy

---

* This court recognizes that the Magistrate Judge based her recommendation, in part, upon an analysis of the version of the federal venue statute, 28 U.S.C. § 1391, effective at the time that this action commenced. The Judicial Improvements Act of 1990, 104 Stat. 5089, is silent as to the impact of changes in § 1391 on cases pending on the date of enactment. Nevertheless, this court would reach the identical result under either version of the statute.

1. This court notes at this juncture that several other motions to dismiss which were filed by the defendant are now moot in light of the existence of an amended complaint filed in this action on December 29, 1989. The motions considered by the court in this Report and Rec-

Corporation ("Huffy") asserts that in the interests of substantial justice this district is not the proper forum to litigate this action. Plaintiff opposes Huffy's motion, arguing that the plaintiff's choice of forum should rarely be disturbed. (Docket Entry # 25, p. 5).

The Motion of Defendant, Arai Industrial Company, Ltd. to Dismiss Amended Complaint (Docket Entry # 23) and the Motion of Defendant, Arai Industrial Company, Ltd. to Dismiss Crossclaims (Docket Entry # 24) were filed on December 29, 1989. The defendant, Arai Industrial Company, Ltd. ("Arai"), a Japanese corporation, asserts the following grounds in support of these two motions: (1) this court lacks personal jurisdiction over Arai; (2) Massachusetts is an improper forum for the purposes of venue; and (3) plaintiff did not effect proper service of process over Arai. (Docket Entry # 23, pp. 1 and 2). The plaintiff opposes Arai's motions, asserting: (1) proper service was effected over Arai by serving the appropriate documents upon a New York law firm which was acting for the defendant; and (2) personal jurisdiction over Arai was proper because Arai's brake assembly was part of a Huffy bike assembly that could have been sold in Massachusetts. (Docket Entry # 25, pp. 2–3).

These motions were referred to this court for a Report and Recommendation on October 18, 1990. This court held a hearing concerning these motions on December 3, 1990.

## FACTUAL BACKGROUND

The plaintiff's amended complaint alleges negligence and breach of express and implied warranties on the part of Service Merchandise Co., Inc. ("Service"), Huffy, and Arai. (Docket Entry # 12). Subject matter jurisdiction is premised upon diversity of citizenship. (*Id.*). The amended complaint alleges that on June 8, 1988, Christina Trask ("Trask"), a minor, sustained serious injuries as the result of a malfunctioned bicycle brake assembly. (Docket Entry # 25). The injury to Trask occurred in Maine, and the bicycle was

ommendation were filed by the defendants in

purchased in Maine from Service. (*Id.*). The amended complaint further states that Service, Huffy, and Arai each have a usual place of business within the jurisdiction of the District Court of Massachusetts. (*Id.*).

## I. DEFENDANT HUFFY CORPORATION'S MOTION TO DISMISS ON GROUNDS OF FORUM NON CONVENIENS (Docket Entry # 15).

■ The defendant Huffy relies upon the *forum non conveniens* standard found in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) to support its motion to dismiss. The *Gulf Oil Corp.* decision set forth the standard for the doctrine of *forum non conveniens* which provides that upon a balancing of both the public and private interests, the court may exercise its discretion by dismissing the action in question if the considerations of justice, fairness, and convenience to the litigants so require. *Id.* This court notes, in response to Huffy's argument, that the doctrine of *forum non conveniens* is of only limited significance in a federal court to the extent that it would require dismissal of the action. *See Berrigan v. Greyhound Lines, Inc.*, 560 F.Supp. 165, 169 (D.Mass.1982), *aff'd*, 782 F.2d 295 (1st Cir.1986) (discussing transfer under 28 U.S.C. § 1404(a)). "[A] case should be transferred not dismissed, if there is another federal district court in which the action could have been brought." *Id.* (citations omitted).

### A. Venue Pursuant to Title 28 U.S.C. § 1391

In a civil action founded solely upon diversity of citizenship, venue is proper "in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose." 28 U.S.C. § 1391(a). The term "reside" for purposes of a corporation is defined as "any judicial district in which it [the corporation] is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

response to the amended complaint.

The plaintiff, Michael Trask, and his daughter, Christina Trask, are residents of the state of Maine. (Docket Entry # 12, ¶ 1). The cause of action also arose in Maine. (Docket Entry # 12, ¶ 5). There is, accordingly, no doubt that venue would be proper in the United States District Court for the District of Maine.

In contrast, the defendants are neither all incorporated nor all have their principal places of business in Massachusetts. The defendant, Arai, has alleged that it maintains no place of business in Massachusetts. "Arai Industrial Co., Ltd. does not now nor has it in the past performed acts or had any contacts whatsoever with the Commonwealth of Massachusetts." (Docket Entry # 11). The plaintiff disputes this averment, stating that Arai does not allege "that its brake assembly was not a part of a Huffy bicycle that could have been sold in Massachusetts." (Docket Entry # 25, p. 2). The plaintiff, however, has not submitted any information other than the above cursory statement in support of his conclusory allegation stated in the amended complaint that all of the defendants have a usual place of business within this jurisdiction.

The language "doing business" as provided in 28 U.S.C. § 1391(c) has been interpreted by the court in this circuit as meaning "engaging in transactions there [in the state in question] to such an extent and of such a nature that the state in which the district is located *could* require the foreign corporation to qualify to 'do business there.'" *Johnson Creative Arts v. Wool Masters*, 743 F.2d 947, 954 (1st Cir.1984). The plaintiff in the instant action has offered no evidence of the manner in which the defendant Arai is "doing business" in Massachusetts. The plaintiff has failed to adequately dispute the following assertions: "Arai has no offices, assets, bank accounts, telephone listings or inventory located within the Commonwealth of Mas-

sachusetts ... Arai solicits no orders, does no business and does not advertise within the Commonwealth of Massachusetts." (Docket Entry # 13, p. 3 and # 11). In addition, the plaintiff has not set forth any valid arguments disproving the averment that Arai does not have any officers or directors or employees working in Massachusetts on a regular basis. (*Id.*).

"A finding of proper venue under the 'doing business' provision of § 1391(c) in the District of Massachusetts under these circumstances would sacrifice the convenience of considerations behind the venue statute without furthering any legitimate purpose or congressional intent." *Johnson Creative Arts, Inc. v. Wool Masters, Inc.*, 743 F.2d at 955. Based upon the above discussion, this court cannot conclude that Arai is "doing business" within the district of Massachusetts as required pursuant to 28 U.S.C. § 1391(c) for proper venue.

Neither Huffy nor Service allege that it was not "doing business" within this state at the time the instant action was initiated. Huffy merely asserts that it is not a Massachusetts corporation and that its principal place of business is not located in Massachusetts. (Docket Entry # 19, p. 5). It is this court's opinion, however, that in light of the conclusion that Arai is not "doing business" within this jurisdiction, venue in this district is improper, because the requirement set forth in 28 U.S.C. § 1391(a) and further defined in § 1391(c), that all of the defendants reside in this district, has not been met.[2]

**B. *Transfer***

■ Title 28 U.S.C. § 1406(a), authorizing a change of venue, provides in pertinent part:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such

---

2. While these arguments, particularly those submitted by Arai, present several issues with respect to personal jurisdiction, this court does not reach those issues in light of the discussion below and a determination that in the interests of justice the case should be transferred to the United States District Court for the District of Maine pursuant to 28 U.S.C. § 1406.

case to any district or division in which it could have been brought.

*Id.*[3]

The decision to transfer a case to a more convenient forum pursuant to 28 U.S.C. § 1406(a) is a matter within the discretion of the district court.

As argued by the defendant Huffy, and not effectively disputed by the plaintiff: no potential witness resides in Massachusetts, including the plaintiff; the sale of the bicycle which is the subject of the pending action occurred in Maine; all potential witnesses who observed the allegedly defective brake assembly reside in Maine; and the plaintiff received all medical treatment in Maine. (Docket Entry # 19, Exhibit A) In short, there exists no legally relevant connection with Massachusetts that suggests that this case should be tried in Massachusetts.

On the contrary, the connection between this case and Maine is compelling. Moreover, as indicated above, this case "could have been brought" in Maine.

Consequently, because this court has determined that venue is improper in this district and that venue may properly be lied in the District of Maine, and in the interests of justice, this court RECOMMENDS that this action be transferred to the United States District Court for the District of Maine pursuant to 28 U.S.C. § 1406(a).

## II. MOTION OF DEFENDANT, ARAI INDUSTRIAL COMPANY, LTD. TO DISMISS AMENDED COMPLAINT (DOCKET ENTRY # 23) AND MOTION OF DEFENDANT, ARAI INDUSTRIAL COMPANY, LTD. TO DISMISS CROSSCLAIMS (DOCKET ENTRY # 24).

Arai filed a motion to dismiss the amended complaint (Docket Entry # 23) and a motion to dismiss the crossclaims of the defendant Huffy (Docket Entry # 24). Arai bases these two motions upon the following grounds: (1) lack of personal jurisdiction; (2) improper venue; and (3) ineffective service of process. (Docket Entry ## 23 and 24). The issue of improper venue has been fully addressed by this court above. In addition, in light of the discussion *supra*, this court need not address the propriety of personal jurisdiction over the defendant Arai in the state of Maine. This court will, accordingly, confine the following discussion to defendant's claim of improper service of process.

Fed.R.Civ.P. 4(i) provides for service upon a party located in a foreign country.[4] That rule is superseded by the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (hereinafter "the Hague Convention"), a "self-executing treaty" to which the United States and Japan are both parties. 20 U.S.T. 361, T.I.A.S. No. 6638, *reprinted in* 28 U.S.C.A., Fed.R.Civ.P. 4,

**3.** This court notes, as previously discussed, that the cause of action accrued in Maine and all of the plaintiffs reside in Maine, thus making Maine a proper forum for venue purposes. While issues of personal jurisdiction over the defendants in Maine may arise, the cause of action accrued in Maine, and this court leaves the analysis of the Maine long arm statute to the court sitting in that jurisdiction should the need for such an analysis arise. *See Jennings v. Entre Computer Centers, Inc.,* 660 F.Supp. 712, 716 (D.Me.1987) (leaving consideration of personal jurisdiction over one of several defendants to transferee district where analysis involves gray area of transferee court's long arm statute).

**4.** Fed.R.Civ.P. 4(i) provides in pertinent part: Alternative Provisions for Service in a Foreign Country.
(1) Manner. When the federal or state law referred to in subdivision (e) of this rule au-

thorizes service upon a party not an inhabitant of or found within the state in which the district court is held, and service is to be effectuated upon the party in a foreign country, it is also sufficient if service of the summons and complaint is made: (A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or (B) as directed by the foreign authority in response to a letter rogatory, when service in either case is reasonably calculated to give actual notice; or (C) ... upon a corporation ... by delivery to an officer, a managing, or a general agent; or (D) by any form of mail, requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or (E) as directed by order of the court.
*Id.*

app. at 138–153 (Supp.1990); *Cooper v. Makita, U.S.A., Inc.,* 117 F.R.D. 16, 17 (D.Me.1987); *Pochop v. Toyota Motor Co., Ltd.,* 111 F.R.D. 464, 465 (S.D.Miss.1986). Articles 3 and 5 of the Hague Convention provide that service is to be effected through the actions of a "Central Authority" of the country in which service is to be achieved. 20 U.S.T. at 363, T.I.A.S. No. 6638, *reprinted in* 28 U.S.C.A., Fed.R. Civ.P. 4, app. at 139; *see Cooper v. Makita, U.S.A., Inc.,* 117 F.R.D. at 17 (discussing application of Hague Convention).

The Hague Convention "provides a mechanism by which a plaintiff authorized to serve process under the laws of its country can effect service that will give appropriate notice to the party being sued and will not be objectionable to the country in which that party is served." *Pochop v. Toyota Motor Co., Ltd.,* 111 F.R.D. at 465.

The decided cases in this arena dictate that "defects in the execution of such service were not intended under the [Hague] Convention 'to supersede the general and flexible scheme' of Rule 4." *Cooper v. Makita, U.S.A., Inc.,* 117 F.R.D. at 18. In the instant case, however, no attempt to comply with the mandates of the Hague Convention is discernable. Service upon defendants' attorney in the United States does not meet the requirements set forth in the Hague Convention. In addition, an affidavit set forth by Dean A. Cambourakis, an attorney with the New York law firm upon which plaintiff service, specifies that he is not "an officer, managing or general agent of Arai Industrial Co., Ltd., nor an agent authorized by appointment to accept service of process on behalf of Arai." (Docket Entry # 08, ¶ 4). Moreover, the absence of at least a good faith attempt to comply with the Hague Convention prohib-

its this court from applying the liberal standards of Fed.R.Civ.P. 4 in analyzing the propriety of service on Arai. *Id.*

This court takes the position of the court in *Cooper v. Makita, U.S.A., Inc.,* that despite the absence of proper service, there is no need to dismiss this case without first providing a reasonable opportunity to accomplish such proper service. This court, therefore, RECOMMENDS that the plaintiff be provided forty-five (45) days to perfect service. *See Cooper v. Makita, U.S.A., Inc.,* 117 F.R.D. at 18 (providing plaintiff additional time to effect proper service where not in compliance with Hague Convention); *Pochop v. Toyota Motor Co., Ltd.,* 111 F.R.D. at 467 (citing *DeJames v. Magnificence Carriers, Inc.,* 654 F.2d 280, 288 (3rd Cir.), *cert. denied* 454 U.S. 1085, 102 S.Ct. 642, 70 L.Ed.2d 620 (1981)) (allowing party time to serve process pursuant to requirements of Hague Convention). In the event that the plaintiff fails to effectuate proper service within that time, the defendant may renew its motion to dismiss in the District of Maine.[5]

## CONCLUSION

It is, therefore the RECOMMENDATION[6] of this court that the Motion of Defendant, Arai Industrial Company, Ltd. to Dismiss Amended Complaint (Docket Entry # 23) and the Motion of Defendant, Arai Industrial Company, Ltd. to Dismiss Crossclaims (Docket Entry # 24) be DENIED without prejudice to be renewed before the appropriate judge of the United States District Court in the District of Maine in the event that service is not properly effectuated within the specified forty-five day limitation, or in the event that

---

5. In light of this court's RECOMMENDATION that the entire action be transferred to the District of Maine, it takes the same position with respect to Arai's *motion to dismiss* the crossclaims filed by Huffy. The court notes, however, that no opposition to that motion has been received from Huffy.

6. Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of the Report and Recommendation and must identify the portion

of the Report and Recommendation to which objection is made and the basis for such objection. Any party may respond to another party's objections within ten days after service of the objections. Failure to file objections within the specified time waives the right to appeal the district court's order. *United States v. Escoboza Vega,* 678 F.2d 376, 378–79 (1st Cir.1982); *United States v. Valencia–Copete,* 792 F.2d 4, 6 (1st Cir.1986).

defendant continues to dispute the issue of personal jurisdiction.

It is also the RECOMMENDATION of this court that the Defendant Huffy Corporation's Motion to Dismiss on Grounds of Forum Non Conveniens (Docket Entry # 15) be DENIED, but that the action be transferred to the United States District Court for the District of Maine pursuant to 28 U.S.C. § 1406(a) in accordance with the discussion above.